**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Reginald GADSDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 2003.
Filed Sept. 10, 2003.

Elizabeth A. Hoffman, Harrisburg, for appellant.

Kelly L. Crawford, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before: JOYCE, KELLY, and POPOVICH, JJ.

KELLY, J.

¶ 1 Appellant, Reginald Gadsden, asks us to review the order entered in the Dauphin County Court of Common Pleas, dismissing his PCRA[1] petition for failure to raise a cognizable claim. Specifically, Appellant asks us to determine whether his claim of ineffectiveness of counsel is cognizable under the PCRA, where his claim is that appellate counsel failed to file a petition for *allocatur* with the Pennsylvania Supreme Court following the disposition of Appellant's direct appeal. We hold that Appellant's claim is cognizable under the PCRA. Accordingly, we reverse and remand for an evidentiary hearing to determine whether counsel provided Appellant with adequate and timely consultation before the filing deadline regarding Appellant's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. On remand, the court must also determine whether Appellant asked counsel to petition for *allocatur* and, if so, whether counsel's failure to file the petition was justified. Accordingly, we vacate the court's order dismissing Appellant's PCRA petition, and remand for an eviden-

---

1. 42 Pa.C.S.A §§ 9541–9546.

tiary hearing consistent with the principles enunciated in this opinion.

¶ 2 The relevant facts and procedural history of this appeal are set forth in the PCRA court opinion as follows:

On October 14, 1999, [Appellant] pled guilty to the charges of altering marks of identification, carrying a firearm without a license, former convict not to possess a firearm and two summary offenses (No.2016 CD 1999). Sentencing was deferred until June 5, 2000, when [Appellant], then represented by private counsel, pled guilty to additional charges of possession with intent to deliver a controlled substance and possession of contraband by an inmate (No. 3947 CD 1999); unlawful delivery of a controlled substance and criminal conspiracy (No. 434 CD 2000); and possession with intent to deliver a controlled substance and resisting arrest (No. 435 CD 2000). During the guilty plea proceeding, [Appellant] agreed that he understood the maximum sentence [the trial court] could impose on each of his felony drug charges was 20 years and that the maximum aggregate sentence [the trial court] could impose on all charges was 95 years. (N.T. Guilty Plea and Sentencing [at] 4). Following [Appellant's] guilty plea, [the trial court] sentenced him to an aggregate sentence of 7 to 20 years' incarceration. (N.T. Guilty Plea and Sentencing 11–12).

[Appellant's] private counsel thereafter withdrew and [Appellant] was appointed attorney Ari Weitzman from the Dauphin County Public Defender's Office. Mr. Weitzman filed a post-sentence motion seeking to withdraw [Appellant's] guilty pleas or, alternatively, arguing that imposition of a two-year mandatory minimum sentence for selling drugs within a school zone was illegal. [The trial court] denied the post-sentence mo-

tion and [Appellant], acting through Mr. Weitzman, appealed to the superior court, which denied his appeal January 2, 2002. *Commonwealth v. Gadsden*, No. 163 MDA 2001 [797 A.2d 371] (Pa.Super.2002). Upon receipt of the superior court decision, Mr. Weitzman penned a letter to [Appellant] in which he explained that the appeal was unsuccessful, that he would not be seeking supreme court review, and informing [Appellant] that his representation was concluded. He informed [Appellant] that if [he] wished to pursue *pro se* supreme court review, he had...to file his petition for allowance of appeal by February 2, 2002. (Motion for Collateral Relief, Exbt. 1).

On February 15, 2002, [Appellant] filed his *pro se* PCRA petition raising issues related to Mr. Weitzman's withdrawal from appellate representation and failure to seek supreme court review. [Appellant's] PCRA counsel thereafter filed a supplemental PCRA petition in which she has alleged that Mr. Weitzman was ineffective for failing to file a petition for allowance of appeal.

(PCRA Court Opinion, filed August 1, 2002, at 1–2). On August 26, 2002, the PCRA court dismissed Appellant's PCRA petition, without a hearing. This timely appeal followed.

¶ 3 Appellant raises the following issue for our review:

DID THE [TRIAL] COURT ABUSE ITS DISCRETION WHEN IT DISMISSED APPELLANT'S PCRA PETITION AFTER APPELLANT DEMONSTRATED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL AS SAID APPELLATE COUNSEL FAILED TO FILE A TIMELY PETITION FOR ALLOWANCE OF APPEAL OF THIS COURT'S RULING

AGAINST APPELLANT'S ARGUMENT THAT HE SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS GUILTY PLEA BECAUSE HIS TRIAL COUNSEL FAILED TO INFORM HIM THAT HE COULD RECEIVE CONSECUTIVE SENTENCES?

(Appellant's Brief at 4).

¶ 4 "Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc*), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super.2003). We grant great deference to the findings of the PCRA court and will not disturb findings that are supported by the record. *Yager, supra; Wilson, supra.*

¶ 5 Appellant argues that his direct appeal counsel failed to file a petition for *allocatur* with the Supreme Court. Appellant contends appellate counsel's failure to file a petition for *allocatur* amounted to ineffective assistance of counsel. Appellant concludes the PCRA court's order should be reversed and his right to file a petition for *allocatur* should be reinstated *nunc pro tunc*. We agree in part.

¶ 6 Initially we note:

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a]ppellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness; *i.e.*, there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Rivera*, 816 A.2d 282, 288 (Pa.Super.2003). The PCRA does not impose a more onerous burden on an appellant alleging ineffective assistance of counsel than that required on direct appeal. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). Generally, an ineffective assistance of counsel claim is cognizable under Section 9543(a)(2)(ii) of the PCRA, which states a petitioner must plead and prove by a preponderance of the evidence "ineffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

¶ 7 The Pennsylvania Supreme Court recently addressed the question of whether a claim of ineffectiveness of counsel for failing to perfect a petition for *allocatur* raises a cognizable PCRA claim. *Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003). In *Liebel*, appellate counsel promised the petitioner that he would file a petition for *allocatur* on the petitioner's behalf with our Supreme Court. Nevertheless, counsel failed to file the petition. Under these circumstances, the Court concluded that appellate counsel had provided the petitioner with no representation at all on the petition for *allocatur*, violating the petitioner's rule-based right to counsel under Rule 122(C)(3) of the Pennsylvania Rules of Criminal Procedure.[2] *Id.* at —, 825 A.2d at 633. Although the Court acknowledged that a petitioner does not have a right to allowance of appeal, the Court also explained, "provided that appellate counsel believes that the claims that a

---

2. *See* Pa.R.Crim.P 122(C)(3) (stating where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal).

petitioner would raise in a [petition for allowance of appeal to the Supreme Court] would not be completely frivolous, a petitioner certainly has a right **to file** such a petition [under Pa.R.A.P. 1112]." *Id.* at ——, 825 A.2d at 635 (emphasis added). In light of the petitioner's rule-based right to file a petition for *allocatur* and his rule-based right to counsel, the Court held that the petitioner had raised a cognizable ineffective assistance of counsel claim under the PCRA, without having to show whether the Pennsylvania Supreme Court would have granted the petition. *Id.* at ——, 825 A.2d at 635–36. In reaching this conclusion, the Court relied extensively on *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy,* counsel's unjustified failure to perfect an appellant's direct appeal was deemed "the functional equivalent of having no representation at all, meeting the prejudice requirement of Section 9543(a)(2)(ii) *per se.*" *Id.* at 225–27, 736 A.2d at 571–72. The Court held that where the petitioner's counsel fails without justification to file a requested direct appeal, "the petitioner is not required to establish his innocence or demonstrate the merits of the issues which would have been raised on appeal." *Id.* at 227, 736 A.2d at 572.

¶ 8 The *Liebel* Court was confronted with an analogous situation, where the petitioner claimed he had been denied effective assistance of counsel in exercising his rule-based right to file a petition for *allocatur* with the Pennsylvania Supreme Court, when his counsel failed to file a promised *allocatur* petition. *Id.* at ——, 825 A.2d at 635. The *Liebel* Court reasoned that counsel's failure to petition the Pennsylvania Supreme Court for *allocatur* amounted to no representation at all. *Id.* The Court stated:

> Indeed, only by [seeking allowance of appeal with this Court] can a petitioner avail himself of the opportunity to have this Court at least consider whether his claims warrant our review and if so, whether those claims ultimately entitle him to relief.
>
> In light of this right to file a [petition for allowance of appeal] to this Court, and given Appellant's rule-based right to the effective assistance of counsel through his discretionary appeal to this Court on direct appeal, we disagree with the Commonwealth's assertion that *Lantzy* is inapplicable here. Rather, we find the reasoning of *Lantzy* equally persuasive in the circumstances presented in this case. ... Similar to *Lantzy,* we find that such wholesale denial of counsel sufficiently establishes that the truth-determining process has been undermined, rendering a showing that this Court would have granted review on Appellant's underlying claims unnecessary.

*Id.* at ——, 825 A.2d at 635–36. Thus, Pennsylvania law has now expanded counsel's duties with respect to filing a petition for *allocatur* with the Pennsylvania Supreme Court.

¶ 9 Additionally, the United States Supreme Court has recognized an ineffective assistance of counsel claim based on counsel's failure to consult with his client concerning the client's right to file a direct appeal from his judgment of sentence. *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The *Roe* Court begins its analysis by noting: "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477, 120 S.Ct. at 1035, 145 L.Ed.2d at 995. In *Commonwealth v. Touw,* 781 A.2d 1250 (Pa.Super.2001), this Court concisely summarized the remainder of the *Roe* decision as follows:

The [United States Supreme] Court began its analysis by addressing a separate, but antecedent, question: "whether counsel in fact consulted with the defendant about an appeal." The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." The Court continued;

> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

[*Roe, supra* at 478, 120 S.Ct. at 1029, 145 L.Ed.2d at 995–96]. The Court answered this question by holding:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

[*Id.* at 480, 120 S.Ct. at 1029, 145 L.Ed.2d at 997]. A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice. The Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." [*Id.*]

*Id.* at 1254. Pursuant to this analysis, the *Touw* Court recognized as a cognizable claim under the PCRA an allegation of ineffective assistance of counsel based on counsel's failure to consult adequately with the petitioner about filing a direct appeal. *Id.* This Court held that the PCRA court had abused its discretion in dismissing the petitioner's claim without making adequate findings of fact as to whether counsel had adequately consulted with the petitioner about the advantages and disadvantages of taking an appeal. *Id.* at 1255. The case was therefore remanded to the PCRA court for more findings of fact regarding counsel's consultation, if any, with the petitioner about the filing of a direct appeal and, if necessary, a further evidentiary hearing on the matter. *Id.* In adopting *Roe*, the *Touw* Court expanded a petitioner's rights on direct appeal to include adequate consultation with counsel. *Id.*

¶ 10 In the instant case, this Court affirmed Appellant's judgment of sentence on January 2, 2002. Thereafter, in a letter dated January 24, 2002, Appellant's counsel informed him: "[Y]our appeal was unsuccessful. Please be advised that I will not seek allowance of appeal with the Supreme Court of Pennsylvania. As such, my representation in your case is concluded." (*See* Public Defender's Letter, dated January 24, 2002). Counsel sent this letter to Appellant only a few days before the expiration of the thirty-day period for filing a petition for *allocatur*. *See* Pa.R.A.P. 1113(a) (stating petition for allowance of appeal shall be filed within 30 days of entry of Superior Court order sought to be reviewed). Moreover, we do not know when Appellant actually received this letter. Further, there is no evidence of rec-

ord to establish whether this letter was sent after adequate and timely consultation with Appellant, in abrogation of a promise made to Appellant, or in response to a request for an *allocatur* petition by Appellant. Furthermore, the PCRA court does not address counsel's reason for declining to seek *allocatur*, or determine if counsel's decision was justifiable. *See Roe, supra*. Instead, the PCRA court dismissed Appellant's ineffective assistance of counsel claim, without a hearing, on the ground that the failure of counsel to pursue *allocatur* does not raise a cognizable PCRA claim. (*See* PCRA Court Opinion at 2–3). The PCRA court's conclusion is in contravention of the principles set forth in *Liebel*.

 ¶ 11 Moreover, we can hardly expect a petitioner to comprehend, without professional consultation, his more esoteric rule-based right to file an *allocatur* petition. Thus, we extend the protections afforded in *Roe, supra* and *Touw, supra*, and now recognize as a cognizable PCRA issue, a claim of ineffective assistance of counsel for failure to provide adequate consultation to a client with respect to the filing of a petition for *allocatur* with the Pennsylvania Supreme Court. *See Liebel, supra; Lantzy, supra*. Accordingly, a petitioner's rule-based right to file for allowance of appeal with the Pennsylvania Supreme Court is now protected by counsel's duty to provide adequate consultation regarding that right. *See Touw, supra; Roe, supra;* Pa.R.A.P. 1112.

¶ 12 Under the circumstances of the present case, we conclude the best disposition of this matter is to remand for an evidentiary hearing to determine whether Appellant's counsel consulted with Appellant regarding counsel's decision not to file a petition for *allocatur*, and whether this consultation met the standards pronounced in *Touw, supra* and *Roe, supra*. The PCRA court must also ascertain whether Appellant asked counsel to file a petition for *allocatur*, and if so, whether counsel's failure to do so was justifiable. *See Liebel, supra*. If the PCRA court determines that counsel failed to consult adequately with Appellant regarding counsel's decision not to file a petition for *allocatur* or that Appellant asked his counsel to file the petition and counsel unjustifiably failed to comply, Appellant's right to seek review by the Pennsylvania Supreme Court must be reinstated.

¶ 13 For the foregoing reasons, we hold that a petitioner raises a cognizable claim of ineffective assistance of counsel under the PCRA where he asserts that counsel did not file a petition for *allocatur* with the Pennsylvania Supreme Court, following the disposition of the petitioner's direct appeal. The right to file a petition for allowance of appeal with the Pennsylvania Supreme Court is protected as well by counsel's duty to provide adequate consultation regarding that right. When addressing this claim, a PCRA court must consider whether counsel **adequately** and **timely** consulted with the petitioner before the filing deadline and whether counsel's failure or refusal to file a petition for allowance of appeal with the Pennsylvania Supreme Court was justified. Because the record in the present case is insufficient for this Court to review these matters, we remand the case to the PCRA court for a prompt evidentiary hearing in a manner consistent with this opinion.

¶ 14 Order vacated; case remanded for an evidentiary hearing consistent with this opinion. Jurisdiction is relinquished.

¶ 15 JUDGE POPOVICH NOTES HIS DISSENT.