**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMY L. GIPE | : | |
| | : | |
| Appellant | : | No. 1894 MDA 2019 |

Appeal from the PCRA Order Entered October 17, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001978-2015

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: JUNE 25, 2020**

Appellant, Amy L. Gipe, appeals from the Order entered October 17, 2019, which denied and dismissed her first Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  After careful review, we adopt the PCRA court's October 17, 2019 Opinion as our own and affirm the denial of relief.

In October 2016, a jury convicted Appellant of First-Degree Murder and related crimes, based on evidence that she solicited and conspired to commit the murder of her estranged husband.[1]  In December 2016, the trial court sentenced Appellant to life without the possibility of parole.  Appellant timely appealed, challenging the sufficiency and weight of the evidence, and this

---

[1] The jury convicted Appellant of the following crimes: Murder (as an accomplice), 18 Pa.C.S. § 2502(a); Criminal Solicitation (Murder), 18 Pa.C.S. § 902(a); Conspiracy (Murder), 18 Pa.C.S. § 903(a); and Hindering Apprehension or Prosecution, 18 Pa.C.S. § 5105(a).

Court affirmed the Judgment of Sentence. ***Commonwealth v. Gipe***, 1060 MDA 2017 at *1 (Pa. Super. filed June 7, 2018) (unpublished memorandum). Appellant did not seek discretionary review in the Pennsylvania Supreme Court.

In November 2018, Appellant timely and *pro se* filed a Petition for collateral relief. PCRA Petition, 11/7/18. The PCRA court appointed counsel, who thereafter filed an Amended Petition asserting several claims of ineffective assistance of prior counsel. ***See*** Amended Petition, 2/25/19, at 1-2. In July 2019, the PCRA court held an evidentiary hearing but deferred a final decision pending further briefing from Appellant and the Commonwealth. ***See*** N.T. PCRA, 7/18/19, at 36-38.

In October 2019, the PCRA court denied Appellant relief. PCRA Ct. Op. and Order, 10/17/19. Appellant timely appealed to this Court.[2]

Appellant raises the following issues:

[1.] Whether [trial] counsel was ineffective for failing to object to the joint trial of Appellant and her co-defendant, . . . which trial created prejudice against Appellant[;]

[2.] Whether [trial] counsel was ineffective for failing to call witnesses on a list provided by Appellant[;]

[3.] Whether [trial] counsel was ineffective for failing or refusing to call Appellant as a witness at the trial, despite her reasonable request to testify[; and]

[4.] Whether [appellate] counsel was ineffective for failing to file a Petition for allowance of appeal to the Supreme Court, or timely advising Appellant of her right to do so, despite the fact that she

---

[2] Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 2 -

> advised . . . counsel that she wanted to have her case heard by the Supreme Court[.]

Appellant's Br. at 5 (unnecessary emphasis and capitalization omitted; suggested answers omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.* (citation omitted).

Appellant asserts that prior counsel was ineffective. According to Appellant, trial counsel erred in the following respects: (1) failing to object to the joint trial of Appellant and her co-defendant; (2) failing to call appropriate witnesses requested by Appellant, including her aunt and uncle; and (3) failing to permit Appellant to testify. *See* Appellant's Br. at 8-10. Appellant further asserts that direct appellate counsel was ineffective for failing to file a petition for discretionary review with the Pennsylvania Supreme Court. *See id.* at 10.

We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must

establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. ***See Jarosz***, 152 A.3d at 350 (citing ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009)).

The Honorable Angela R. Krom, who has presided over all the proceedings in this case, has authored a comprehensive, thorough, and well-reasoned Opinion addressing each of Appellant's ineffectiveness claims. After a careful review of the parties' arguments and the certified record, we adopt the Opinion as our own and affirm the PCRA court's denial of relief. ***See*** PCRA Ct. Op. and Order, 10/17/19, at 4-6 (concluding that (a) counsel's decision not to challenge a joint trial was reasonable because, after careful consideration of the paucity of inculpatory evidence against Appellant, counsel determined that they could argue Appellant's co-defendant was the culpable party and (b) Appellant failed to establish prejudice because all evidence against her co-defendant would have been admissible in a separate trial for Appellant), 6-10 (concluding that Appellant (a) failed to demonstrate that she had provided trial counsel with a list of potential witnesses or to identify the substance of potentially exculpatory testimony; (b) failed to demonstrate that

counsel's strategy lacked a reasonable basis, as counsel testified they sought to introduce evidence of Appellant's state of mind on the night of the murder through testimony from Commonwealth witnesses; and (c) regarding potential testimony from her aunt and uncle, failed to demonstrate how its absence was prejudicial to her and not merely cumulative); 10-16 (finding that (a) the only evidence of Appellant's intent to pursue discretionary review in the Pennsylvania Supreme Court occurred **after** the expiration of the appellate period and that (b) counsel had adequately consulted with Appellant regarding her potential steps to pursue discretionary review); 16-17 (concluding that Appellant had failed to present evidence that counsel had interfered with her right to testify, but had merely averred that counsel advised her against testifying).

We direct the parties to annex the PCRA court's October 17, 2019 Opinion to any future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2020

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| v. | : | No. 1978-2015 |
| | : | |
| Amy L. Gipe, | : | |
| Petitioner | : | Honorable Angela R. Krom, Judge |

## OPINION AND ORDER OF COURT

**Before Krom, J.**

OCT 1 7 2019

ATTEST: A TRUE COPY

Dep Clerk of Courts

| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| v. | : | No. 1978-2015 |
| | : | |
| Amy L. Gipe, | : | |
| Petitioner | : | Honorable Angela R. Krom, Judge |

## OPINION

Before the Court is Petitioner's Amended Post Conviction Relief Act Petition ("Amended PCRA") alleging ineffective assistance of trial counsel. For the reasons that follow, we find Petitioner is not entitled to relief.

## FACTUAL AND PROCEDURAL HISTORY

On September 16, 2015, Petitioner was charged with one count of murder in the first degree as an accomplice[1], one count of criminal conspiracy to commit murder in the first degree[2], one count of solicitation to commit murder in the first degree[3], and one count of hindering apprehension or prosecution, based on her involvement in the murder of her husband, David Gipe, on July 18, 2013[4]. Kevin Rouner, Petitioner's co-defendant and accomplice, was charged with one count of murder in the first degree[5] on August 1, 2013.

Petitioner pled not guilty to all counts, and her case proceeded to trial, where she was represented by attorney Eric Weisbrod and co-counsel Kristen Hamilton. On January 21, 2016, the Commonwealth filed an Amended Notice of Joinder of Separate Informations for Trial under Pa.R.Crim.P. 582(B)(1). A trial by jury was held on October 17-26, 2016, and Petitioner and Rouner were tried jointly, with no objection. At the conclusion of trial, the jury found both

---

[1] 18 Pa.C.S.A. §2502(a)
[2] 18 Pa.C.S.A. §903 to 18 Pa.C.S.A. §2502(a)
[3] 18 Pa.C.S.A. §902 to 18 Pa.C.S.A. §2502(a)
[4] 18 Pa.C.S.A. §5101(a)(5)
[5] 18 Pa.C.S.A. §2502(a)

1

defendants guilty on all charges, and this Court subsequently imposed sentence of life imprisonment on Petitioner on December 21, 2016.

Petitioner then filed a post-sentence motion on January 3, 2017, challenging the sufficiency of the evidence and the weight of the evidence presented against her at trial. On May 31, 2017, Petitioner's post-sentence motion was denied by this Court. On June 29, 2017, (and amended on July 2, 2017), Petitioner timely appealed to the Superior Court of Pennsylvania, alleging error in the denial of her post-sentence motion. In an opinion filed June 7, 2018, the Superior Court affirmed Petitioner's judgment of sentence.

On November 7, 2018, Petitioner filed the instant *pro se* Motion for Post Conviction Collateral Relief ("PCRA Petition"). Frederic Antoun, Jr. was appointed to represent Petitioner on this matter. On February 25, 2019, Petitioner, through appointed counsel, filed an Amended PCRA Petition ("Amended PCRA"). In the Amended PCRA, Petitioner alleged trial counsel was ineffective for failing to use reasonable methods to sever Petitioner's case from Rouner's at trial, failing to call witnesses on a list provided by Petitioner, failing to take the steps necessary to have Petitioner's claims heard by the Pennsylvania Supreme Court, and advising Petitioner not to testify at trial.

An evidentiary was held on July 18, 2019, where Petitioner participated by video conference. At the conclusion of the hearing, this Court directed counsel to submit written argument no later than two weeks after receipt of the hearing transcripts. On July 24, 2019, the Commonwealth filed a motion to supplement the PCRA record with two letters of correspondence between Petitioner and trial counsel which were referenced at the hearing. The letters were admitted on July 25, 2019. On July 26, 2019, the Commonwealth submitted its Brief

2

in Opposition to PCRA Relief, and on August 5, 2019, Petitioner filed her Argument in Support of PCRA. The record is now closed and the matter is ready for decision.

## DISCUSSION

To succeed on a claim of ineffective assistance of counsel in Pennsylvania, a PCRA petitioner must show: (1) "the underlying claim has arguable merit;" (2) "counsel's actions lacked any reasonable basis;" and (3) "counsel's actions prejudiced the petitioner." Commonwealth v. Jones, 71 A.3d 1061, 1063 (Pa. Super. Ct. 2013)(citing Commonwealth v. Montalvo, 641 A.2d 1176, 1186-87 (Pa. Super. Ct. 1994)).

The third prong, requiring prejudice, "means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." Jones, 71 A.3d at 1063 (citing Montalvo, 641 A.2d at 1187). In other words, counsel's deficient action or inaction must have "had an adverse effect upon the outcome of the proceedings," Neal, 713 A.2d at 662 (*quoting* Commonwealth v. Jermyn, 620 A.2d 1128, 1130 (Pa. 1993)), or, "was so serious as to deprive him or her of a fair trial, a trial whose result was reliable." Neal, 713 A.2d at 662 (*quoting* Commonwealth v. Anthony, 546 A.2d 1122, 1125 (Pa. Super. Ct. 1988)).

Each of the three prongs must be satisfied to merit relief. Commonwealth v. Bath, 907 A.2d 619, 622 (Pa. Super. Ct. 2006)(citing Commonwealth v. Bridges, 886 A.2d 1127, 1131 (Pa. 2005)). Further, "counsel is presumed to be effective" and the burden lies with the petitioner to demonstrate otherwise. Bath, 907 A.2d at 622 (*quoting* Commonwealth v. Pond, 846 A.2d 699, 708 (Pa. Super. Ct. 2004)). We need not analyze each prong if we find Petitioner failed to meet any one prong. Daniels, 963 A.2d at 427.

Petitioner bases her claim of ineffectiveness on the following: (1) trial counsel's failure to sever Petitioner's case from Rouner's; (2) trial counsel's failure to call certain witnesses on

3

Petitioner's behalf; (3) trial counsel's failure to seek allowance of appeal with the Pennsylvania Supreme Court; and (4) trial counsel's advising of Petitioner to not testify at trial. We will address each of these issues in turn.

## I. Failure to Sever

Petitioner's first claim arises from trial counsel's failure to sever her case from Rouner's, at trial. She argues she reasonably requested counsel attempt to have her case severed, which she contends "may have been successful," given the circumstantial nature of the evidence against her and the prejudice produced by the jury hearing the evidence against Rouner. *Argument in Support of PCRA*, ¶ 2a. It is undisputed that trial counsel did not move for severance.

In Pennsylvania, there is no absolute right to severance. Commonwealth v. Courts, 461 A.2d 820, 823 (Pa. Super. Ct. 1983). "A motion for severance rests within the sound discretion of the trial court." Commonwealth v. Jones, 668 A.2d 491, 501 (Pa. 1995). An important consideration by the trial court in making this decision is whether judicial economy will be advanced if the defendants are tried together, "by avoiding the expensive and time-consuming duplication of evidence." Jones, 668 A.2d at 501(citing Commonwealth v. Patterson, 546 A.2d 596, 600 (Pa. 1988)). The trial court balances this interest against possible prejudice to the defendants in trying them together. Schultz, 707 A.2d at 516 (citing Jones, 668 A.2d at 501).

Here, as in Courts, "the failure to sever…appears to have been the result of the sound planning of trial strategy." 461 A.2d at 825 (citing Commonwealth v. Wade, 389 A.2d 560 (Pa. 1978)). Petitioner "may not believe, in hindsight, that this was the most reasonable strategy," Courts, 461 A.2d at 825, but the standard for ineffective assistance requires more; namely, it requires a showing "that counsel had no reasonable strategic basis for his or her action or

4

inaction." Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999). Petitioner failed to make the requisite showing.

Attorney Weisbrod testified he and Attorney Hamilton engaged in several discussions prior to trial regarding whether severance was in Petitioner's best interest. He explained the decision not to move for severance was the result of a strategy to highlight Petitioner's lack of culpability in contrast to the amount of evidence presented against Rouner. Specifically, Attorney Weisbrod testified:

> [w]e had a lot of discussion about severance and to be honest with you, we liked the optics of all the evidence. Your first two and a half days of evidence barely mentioned Amy's name and Kevin Rouner was seated here and all of the evidence was being piled on his table and we liked the optics of that.

T.P. PCRA Hearing, at 24-25.

As the Commonwealth avers, trial counsel acted reasonably in its approach to place the blame on Rouner, the individual who actually committed the murder, while illustrating Petitioner's lack of knowledge regarding Rouner's involvement in other ways. Petitioner thus failed to demonstrate that "counsel had no reasonable strategic basis" for its inaction.

Additionally, Petitioner provided insufficient evidence of prejudice. Pennsylvania courts have evidenced a strong preference for joining co-defendants charged with conspiracy at trial. Schultz, 707 A.2d at 516. Further, "[w]hile the possibility of conflicting or antagonistic defenses is a factor to be considered in determining whether to grant a motion for severance, appellant must show a real potential for prejudice and not just mere speculation." Jones, 668 A.2d at 501 (citing Commonwealth v. Patterson, 546 A.2d 596, 599 (Pa. 1988)). "Moreover, the mere fact that one defendant might have a better chance of acquittal if tried separately is an insufficient ground to require severance." Jones, 668 A.2d at 501 (citing Patterson, 546 A.2d at 600). Simply

5

stating she thought she should have the right to her "own fair trial…[n]ot with him," without providing any proof unfairness did in fact result, is insufficient to establish actual prejudice.

Additionally, severance would not have protected Petitioner from the evidence and testimony offered either by or against Rouner that tended to show she ordered or assisted in the planning and commission of her husband's murder. The Commonwealth averred in its *Amended Notice of Joinder*, the evidence of each offense with which Petitioner and Rouner were charged would be admissible in a trial for the other. Pa.R.Crim.P. 582(A)(1)(a).

Furthermore, in Schultz, the Superior Court noted that, like here, defense counsel never moved to sever its client's case. Schultz, 707 A.2d at 517. Still, the Court held because such motion would have been futile, the failure to move for severance was reasonable under the circumstances. Id. The Superior Court reasoned the witnesses and evidence the Commonwealth intended to use at trial were essentially the same against both co-defendants. Id.

In the present case, Petitioner was charged with conspiring with Rouner and soliciting Rouner to commit murder. As the Commonwealth stated in its *Amended Notice of Joinder*, the offenses Petitioner and Rouner were charged with were based on the same act or transaction. Pa.R.Crim.P. 582(A)(1)(b). For these reasons, a motion for severance would have been unsuccessful. Moreover, as Attorney Weisbrod testified, since the Commonwealth filed notice of joinder, the burden shifted to Petitioner to show cause for severance. Commonwealth v. Lambert 603 A.2d 568, 573 (Pa. 1992). Petitioner failed to articulate any legal basis for severance. For the reasons discussed, Petitioner is not entitled to relief on this basis.

## II. Failure to Call Certain Witnesses

Petitioner's second claim of ineffectiveness is based on trial counsel's failure to call certain witnesses to testify at trial. Specifically, Petitioner argues she presented counsel with a

6

list of witnesses to call on her behalf, and counsel failed to call some of them. In particular, Petitioner's dissatisfaction appears to arise from the fact that her aunt and uncle, who were with Petitioner the night of the murder, were not called to testify.

To succeed on a claim for failure to call witnesses, a petitioner is required to:

> (1) identify the witnesses; (2) demonstrate that counsel actually knew, or had a duty to know, the identity of the witnesses prior to trial; (3) demonstrate that the witnesses were ready, willing, and able to testify for the defense at trial; and (4) demonstrate that the proposed testimony would have been helpful to the defense asserted at trial.

Schultz, 707 A.2d at 519 (citing Commonwealth v. Morris, 684 A.2d 1037, 1044 (Pa. 1996)).

Further, the three-prong test for ineffectiveness, generally, must be satisfied. The prejudice prong requires a showing Petitioner was "denied a fair trial because of the absence of the testimony." Commonwealth v. Williams, 730 A.2d 507, 511 (Pa. Super. Ct. 1999)(citing Commonwealth v. Nock, 606 A.2d 1380, 1382 (Pa. Super. Ct. 1992)).

After reviewing Petitioner's claim with these standards in mind, it is clear she is not entitled to relief. First, Petitioner's underlying claim lacks arguable merit. A petitioner "must allege more than a bare assertion that counsel failed to interview 'X, Y or Z' and their testimony would have been helpful, for claims of ineffectiveness cannot be abstractly reviewed in a vacuum." Commonwealth v. Mileshosky, 504 A.2d 278, 281 (Pa. Super. Ct. 1986)(*quoting* Commonwealth v. Anderson, 461 A.2d 208, 214 (Pa. 1983)). Petitioner failed to do so. Simply stating that her aunt and uncle should have been called as witnesses because they were on a list she provided to trial counsel is not sufficient.

7

In fact, Petitioner failed to prove she even provided a list of potential witnesses to trial counsel, let alone that her aunt and uncle's names were on that list.[6] Trial counsel credibly testified about the process by which the trial team met with Petitioner to prepare for her case, as well as the methods used to document those meetings and keep record of anything received in writing from Petitioner. Neither Attorney Weisbrod nor Attorney Hamilton could recall receiving, and their subsequent review of the case files did not reveal any record of, such a list from Petitioner.

In contrast, Petitioner's testimony as to the contents of the alleged list was, at the admission of Petitioner's own PCRA counsel, "a little sketchy," T.P. PCRA Hearing, at 20, and she experienced difficulty recalling whose names were on the list. As a matter of law, resolving issues of credibility falls clearly within the province of a PC[R]A court." Commonwealth v. Wallace, 500 A.2d 816, 819 (Pa. Super. Ct. 1985). Thus, the Court finds the allegations to be "a belated attempt by [Petitioner] to add substance to h[er] petition." Id.

Further, Petitioner failed to specifically identify the substance of her aunt and uncle's testimony and how it would have benefited her defense. When asked what testimony these witnesses would have provided, Petitioner responded, "I don't know. I guess that would have been up to the attorneys, but they were the ones that were with me when the night I found out that Dave had been killed." T.P. PCRA Hearing, at 11-12.

Ultimately, Petitioner alleged her aunt and uncle could have been used to establish her state of mind on the night of the murder, since they drove her to the police station that night. This is not enough. Petitioner presented no evidence of particular information her aunt and uncle

[6] In Commonwealth v. Anderson, the Supreme Court of Pennsylvania concluded "counsel had a very reasonable basis for not interviewing" a certain witness—"counsel's notes did not disclose the name of" such witness. The court called the information provided to counsel concerning potential witnesses "sketchy, vague and confusing," noting no addresses, phone numbers, and sometimes even names, of potential witnesses were given to counsel by the defendant. 461 A.2d 208, 215 (Pa. 1983).

8

would have been able to provide, or evidence that such information would have been helpful. Additionally, Petitioner provided no proof that her aunt and uncle were willing and available to testify in her defense at trial.[7]

Perhaps most significantly, Petitioner has not shown counsel lacked any reasonable basis for its actions. Attorney Weisbrod testified about the trial strategy in Petitioner's case, which he described as an attempt "to show the jury that if someone was responsible for the death of, in this case, their husband, they may have been less animated, less upset than what witnesses were telling us that [Petitioner] was." T.P. PCRA Hearing, at 23. Likewise, Attorney Hamilton stated, with respect to the strategy concerning state of mind in particular, "We did this as a team. We broke up the witnesses as we believed we would be most effective...As Attorney Weisbrod testified, we found it to be most effective that [Petitioner's] position was she was distraught, not in her right state of mind..." T.P. PCRA Hearing, at 34.

In furtherance of this strategy, trial counsel questioned Petitioner's daughter and multiple police officers who encountered Petitioner on the night in question about her state of mind and whether she appeared under the influence at the time. This method of eliciting state of mind evidence was part of a deliberate trial strategy whereby evidence favorable to Petitioner was presented on cross-examination of the Commonwealth's witnesses, rather than by calling defense witnesses.

Attorney Weisbrod testified he uses this strategy on a frequent basis, explaining that in doing so he is able to argue in his closing statement that such evidence came from the other

---

[7] In Commonwealth v. Davis, the Superior Court rejected the appellant's claims of ineffectiveness for failing to call three alleged alibi witnesses because the appellant did not attach affidavits from those witnesses declaring that they were "available, willing to testify, and could have provided material evidence." 554 A.2d 104, 111 (Pa. Super. Ct. 1989). In a more recent case, the Superior Court even found an appellant's claim to lack arguable merit where the appellant attached statements from two witnesses to the body of his brief, since the statements were still unsworn and therefore did not constitute affidavits. Commonwealth v. Khalil, 806 A.2d 415, 422 (Pa. Super. Ct. 2002).

9

side's own witnesses.[8] Further, both Attorney Weisbrod and Attorney Hamilton were satisfied

with the results of this tactic. In fact, Attorney Hamilton testified:

> even the law enforcement officers who did the interview did agree
> with what we would have gotten on state of mind from additional
> witnesses...We not only thought it was executed well, we were
> very happy and pleased with the honesty in which we received he
> answers regarding—and forthright answers we received regarding
> her state of mind. We couldn't have asked for better answers.

T.P. PCRA Hearing, at 34-35.

Lastly, as in Khalil, "it is not at all clear that the absence of their [testimony] prejudiced

[Petitioner] so as to deny her a fair trial." 806 A.2d at 422. Petitioner has failed to provide any

facts or arguments evidencing prejudice to her case. Moreover, "counsel ordinarily will not be

deemed ineffective for failing to call witnesses for the presentation of merely cumulative

testimony." Commonwealth v. Neal, 713 A.2d 657, 663 (Pa. Super. Ct. 1998)(citing

Commonwealth v. Milligan, 693 A.2d 1313 (Pa. Super. Ct. 1997)). Petitioner failed to

demonstrate that her aunt and uncle would have presented any new testimony that was not

already provided at trial. Evidence as to Petitioner's state of mind on the night of the murder had

already been presented through other means.[9] For these reasons, this claim is without merit.

### III. Failure to Seek Allowance of Appeal

Petitioner's third claim concerns trial counsel's failure to seek an allowance of appeal to

the Pennsylvania Supreme Court.

---

[8] Similarly, in Davis, the Superior Court addressed trial counsel's decision to "extensively cross-examin[e] the Commonwealth witnesses," in an attempt to undermine their credibility, instead of calling its own alibi witness. 554 A.2d at 111-12. The Court determined this strategy was reasonable because calling its own witness could have caused the jury to question those witnesses' credibility instead of the Commonwealth witnesses' credibility; further, the alibi evidence "would have been of limited value as it would have been coming from a person" who shared a residence with the defendant. Id. at 112. Similar reasoning applies here. Counsel chose a strategy to elicit favorable answers from opposing witnesses to undermine the Commonwealth's case (witnesses who, unlike Petitioner's aunt and uncle, would not be viewed as biased in Petitioner's favor).

[9] In addition to cross-examining the Commonwealth's witnesses about Petitioner's state of mind the night of the murder, Attorney Weisbrod testified, "[Petitioner]'s mom came to the house that night and [her] mom testified as to her state of mind when she arrived at the house as well." T.P. PCRA Hearing, at 22.

10

In Commonwealth v. Lantzy, which involved a direct appeal to the Superior Court, the

Pennsylvania Supreme Court declared:

> counsel's unjustified failure to perfect a requested appeal is the functional equivalent of having absolutely no representation at all on direct appeal, a clear violation of the federal and state constitutional right to counsel; where this occurs, there is no need for the appellant to show the merits of the underlying issues he would have raised on appeal.

736 A.2d 564, 571-72 (Pa. 1999)).

Unlike a direct appeal, "review of a final order of the Superior Court" by the

Pennsylvania Supreme Court "is not a matter of right, but of sound judicial discretion, and an

appeal will be allowed only when there are special and important reasons therefor." Liebel, 825

A.2d at 635. Even so, "provided that appellate counsel believes that the claims that a petitioner

would raise" in a petition to the Pennsylvania Supreme Court "would not be completely

frivolous, a petitioner certainly has a right to file" a petition for allowance of appeal to the

Supreme Court. Id. Thus, the Court in Liebel applied the principles in Lantzy to discretionary

appeals before the Pennsylvania Supreme Court, finding where counsel admitted to simply

failing to file a requested petition for allowance of appeal after promising to do so similarly

amounted to "providing Appellant with no representation at all on that [petition]." Id.

For the same reason as in Lantzy, the Court held such "wholesale denial of counsel

sufficiently establishes that the truth-determining process has been undermined, rendering a

showing that this Court would have granted review on Appellant's underlying claims

unnecessary." Liebel, 825 A.2d at 635-36. In those circumstances, "the Supreme Court has

effectively held that the prejudice prong of the test for ineffective assistance has been established

per se. Bath, 907 A.2d at 622.

11

The issue here was addressed in Commonwealth v. Bath. There, the Superior Court determined the rule set forth in Commonwealth v. Knighten, that "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request," applies equally to ineffectiveness claims for failing to file a petition for allowance of appeal. Bath, 907 A.2d 619, 622 (Pa. Super. Ct. 2006)(*quoting* Commonwealth v. Knighten, 742 A.2d 679, 682 (Pa. Super. Ct. 1999)).

Here, Petitioner failed to establish she timely requested trial counsel file a petition for allowance of appeal. During the PCRA hearing, Petitioner referenced a letter she sent to trial counsel on July 13, 2018, wherein she evidences a desire to have her case heard by the Pennsylvania Supreme Court.[10] This letter, however, was sent after the expiration of the 30-day period during which a petition could have been filed. Further, while in the July 13 letter Petitioner mentions a previous letter sent to trial counsel on June 28, 2018, the June 28 letter was never produced; likewise, Petitioner provided no evidence she requested counsel file a petition with the Pennsylvania Supreme Court in the June 28 letter. Moreover, Attorney Weisbrod credibly testified he and Attorney Hamilton "had no prior indication from [Petitioner] that should she lose her appeal in the Superior Court, she desired us to file a petition for allowance of the appeal to the Supreme Court." T.P. PCRA Hearing, at 18. For this reason, this Court concludes Petitioner failed to prove she requested counsel file a petition.

However, in Bath, the Superior Court found courts since Knighten have also "impose[d] a duty on counsel to adequately consult[11] with the defendant" about the right to file an appeal. Bath, 907 A.2d at 622-23 (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000) and Commonwealth

---

[10] This letter is part of the record as Defendant's Exhibit 1.

[11] The Superior Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

12

v. Touw, 781 A.2d 1250 (Pa. Super. Ct. 2001)). "Counsel has a constitutionally-imposed duty to consult…when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." Commonwealth v. Carter, 21 A.3d 680, 683 (Pa. Super. Ct. 2011)(*quoting* Roe, 528 U.S. at 480)). "In making this determination, courts must take into account all the information counsel knew or should have known." Roe, 528 U.S. at 480.

It is clear counsel had such a duty here. At the PCRA hearing, both Attorney Weisbrod and Attorney Hamilton testified they believed there to be meritorious grounds for appeal to the Pennsylvania Supreme Court (specifically, those issues they argued in the direct appeal to the Superior Court: challenges to the weight and sufficiency of the evidence against Petitioner at trial). Since courts have noted that this burden "does not require appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that…any issue rises above frivolity," Bath, 907 A.2d at 623, counsel had a duty to consult.

Because a duty existed, counsel was required to "adequately and timely consult" with Petitioner about the right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Commonwealth v. Gadsden, 832 A.2d 1082, 1087-88 (Pa. Super. Ct. 2003). In Gadsden, counsel sent a letter to the defendant a few days before the expiration of the 30-day period for filing a petition for *allocatur*, in which counsel notified the defendant his appeal to the Superior Court was unsuccessful and counsel was terminating its representation of the defendant and would not be pursuing an allowance of appeal. 832 A.2d at 1087. The Superior Court ultimately remanded the matter for an evidentiary hearing to determine whether counsel adequately and timely consulted with the defendant about the right to appeal. Id. at 1088.

The Superior Court reasoned it was unknown whether the defendant actually received the letter from counsel, there was no evidence demonstrating the letter was sent after adequate and timely consultation, and it was unclear whether the defendant had requested counsel file such a petition or whether counsel promised to do so. Id. at 1087-88. Further, the Superior Court explained the PCRA court incorrectly dismissed the defendant's ineffective assistance claim without a hearing, on the ground that the failure of counsel to pursue *allocatur* does not raise a cognizable PCRA claim," without "address[ing] counsel's reason for declining to seek *allocatur*," or determining whether such decision was justifiable. Id. at 1088.

This case is distinguishable from Gadsden. First, and importantly, this Court did in fact hold a PCRA hearing where we heard testimony from Petitioner, Attorney Weisbrod, and Attorney Hamilton on this issue. Second, the letter sent by trial counsel notifying Petitioner of the Superior Court's denial of her appeal did not preclude further action by counsel on Petitioner's behalf. There is no evidence counsel terminated its representation of Petitioner at that point or refused to file a petition for allowance of appeal if Petitioner so requested. This point is significant because, as the Court in Bath illustrated, several courts facing similar issues which have "found the duty to consult potentially unmet" and have remanded for evidentiary hearings all involved counsel notifying the defendant by letter that the Superior Court appeal was denied and "summarily announc[ing] to the defendant that further review before our Supreme Court would not be sought." 907 A.2d at 623.

Third, it is uncontested Petitioner actually received the letter from counsel, as she referenced the letter herself in a letter in response, dated July 13, 2018, and further conceded as much at the hearing. Fourth, and finally, the record reveals counsel previously sent Petitioner a letter dated July 29, 2017, early in the appellate process, in which counsel explained the actions

being taken on Petitioner's behalf, as well as the avenues available to Petitioner based on the decision of the Superior Court. Specifically, the letter states:

> We will then submit our brief to the Superior Court. If they grant us the relief we are asking for, your case would be remanded for a new trial. If they do not, we can file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. In the event the Supreme Court agrees to hear our case, we will be directed to submit briefs in support of our case, and again await a decision.

Commonwealth's Exhibit 1.

The letter then explains what steps could be taken on Petitioner's behalf depending on whether her appeal to the Pennsylvania Supreme Court was successful or not. Attorney Hamilton, who was primarily responsible for communicating with Petitioner about her case, also testified that her typical practice when sending a notice to a defendant concerning an appeal, especially when such appeal was not successful, is to enclose a so-called EPF, or enclosed please find, along with an explanation of potential next steps, which, here, would include filing a petition for allowance of appeal with the Pennsylvania Supreme Court. Thus, Petitioner was advised of her right to file a petition for allowance of appeal on at least two occasions.

Petitioner contends the delay in receiving notice of the Superior Court decision affected her ability to request counsel timely file a notice of allowance of appeal, noting that it took almost the entire thirty days for counsel to send her the Superior Court's decision. The Superior Court opinion was dated June 7, 2018, and counsel sent Petitioner notice of the denial on July 2, 2019, which she received July 5, 2019. Therefore, though counsel did not immediately advise Petitioner of the denial, the thirty-day period to file such notice was not expired, and from the record it is clear Petitioner herself, and through her family, had the ability, and used such ability, to communicate frequently with trial counsel about her case. Thus, a petition could have been timely filed.

15

Even if we were to hold counsel did not adequately consult with Petitioner about the advantages and disadvantages of petitioning the Supreme Court, she is still not entitled to relief. Because Petitioner did not request a petition be filed with the Pennsylvania Supreme Court, counsel's failure to do so is not per se ineffective, and "[a] deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice." Roe, 528 U.S. at 480. This requires Petitioner demonstrate "there is a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [s]he would have timely appealed." Id.

Though a defendant ordinarily cannot be expected to understand the rules regarding discretionary appeals, the record reveals Petitioner was in fact very knowledgeable about her right to seek an allowance of appeal, including the time period during which a petition must be filed. Though Petitioner contests the source of her knowledge regarding this right, it is clear she was more than aware of the option to file a petition with the Supreme Court should her direct appeal be denied. If a petitioner is unable to show counsel's failure to consult actually deprived her of the ability to appeal, the petitioner is not entitled to relief. Roe, 528 U.S. at 484. Indeed, a defendant is "not prejudiced by court's failure to advise him of his appeal rights, where he had full knowledge of his right to appeal and chose not to do so." Roe, 528 U.S. at 484 (citing Peguero v. United States, 526 U.S. 23 (1999)). Thus, even if we found counsel failed to provide timely and adequate consultation, Petitioner's claim would still be without merit.

## IV. Advising Petitioner not to Testify

Finally, in her Amended PCRA Petition, Petitioner provides a fourth basis for ineffective assistance of counsel: counsel's advice to Petitioner not to testify at trial, though she requested to do so. However, Petitioner has provided no factual basis supporting the claim. Instead, Petitioner

16

simply asserts that her request to testify was not unreasonable, and because the Commonwealth's evidence was circumstantial, her testimony may have been the only way to sway the jury and gain the jury's sympathy.

The Superior Court addressed this issue in Commonwealth v. Thomas, where, with reference to the decision for a defendant to testify, it stated:

> [It] is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.

Commonwealth v. Thomas, 783 A.2d 328, 334 (Pa. Super. Ct. 2001).

Petitioner failed to show counsel refused to allow her to testify or did anything other than advise her against testifying.[12] Therefore, the Court finds Petitioner's claim to be without merit.

An order follows.

---

[12] The Superior Court in Commonwealth v. Wallace rejected a similar claim, maintaining there was no evidence "trial counsel exercised any undue influence over appellee's decision not to take the stand. While it is conceded that trial counsel urged his considered professional opinion on his client, appellee was apparently satisfied with this advice until the jury rendered an adverse verdict," at which time he decided to place the blame on his attorney. 500 A.2d 816, 819 (Pa. Super. Ct. 1985).

## IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| v. | : | No. 1978-2015 |
| | : | |
| Amy L. Gipe, | : | |
| Petitioner | : | Honorable Angela R. Krom, Judge |

### ORDER OF COURT

**AND NOW,** this __17th__ day of October, 2019, upon review of Petitioner's *Amended PCRA,* the Commonwealth's *Answer,* the record, and the applicable law,

**THE COURT HEREBY DENIES** post-conviction relief for the reasons fully described in the attached Opinion.

**THE PETITIONER IS HEREBY ADVISED** pursuant to Rule 907(4) of the Pennsylvania Rules of Criminal Procedure:

1. You have a right to appeal from the Court's decision disposing of your petition. If you choose to exercise that right, you must do so within thirty (30) days of the date of this order. [Pa.R.Crim.P. 907(4); Pa.R.A.P. 903(a)];

2. If counsel has been appointed to represent you, that appointment shall be effective throughout the post-conviction collateral proceedings, including an appeal from this Order. [Pa.R.Crim.P. 904(F)(2)];

3. If your appointed counsel has determined your claims to be meritless and the Court has permitted withdrawal from representation, you may proceed *pro se* or through privately retained counsel. [Commonwealth v. Maple, 559 A.2d 953, 957 (Pa. Super. 1989)];

4. You have the right to assistance of counsel in preparation of the appeal, if indigent. [Pa.R.Crim.P. 904(E)];

5. If you are unable to pay the costs of filing and perfecting an appeal, you have the right to proceed *in forma pauperis*. [Pa.R.Crim.P. 904(G)].

*The Clerk of Courts is directed to mail a copy of this Order of Court containing Defendant's right to appeal by Certified Mail, Return Receipt Requested upon Defendant as required by Pa.R.Crim.P. 908(E). The Clerk shall otherwise comply with the requirements of Pa.R.Crim.P 114.*

By the Court,

Angela R. Krom, J.

Distribution:
Franklin County District Attorney
Frederic Antoun, Jr., Esq., Counsel for Petitioner
Amy L. Gipe, Petitioner