**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**John COOKE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 2004.

Filed June 7, 2004.

Eric R. Linhardt, Williamsport, for appellant.

Kenneth A. Osokow, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before: STEVENS, McCAFFERY, and OLSZEWSKI, JJ.

STEVENS, J.

¶ 1 John Cooke appeals from the October 22, 2002 denial of his Post Conviction Relief Act (PCRA) petition.[1] We vacate and remand for an evidentiary hearing.

¶ 2 Represented by Assistant Public Defender Jay Stillman, Appellant pleaded guilty to robbery, kidnapping, conspiracy, receiving stolen property, and robbery of a motor vehicle, and was sentenced by the Honorable Nancy L. Butts to nine to 20 years' imprisonment on June 22, 1999. A direct appeal was then filed on Appellant's behalf by Attorney Kyle Rude, but Attorney Rude failed to file a Pa.R.A.P.1925(b) statement, as directed by the lower court. A panel of this Court subsequently found all issues waived, and affirmed Appellant's sentence on July 6, 2000.

¶ 3 Appellant filed a *pro se* PCRA petition on January 9, 2001, and Attorney Matthew Zeigler was appointed to represent him. Judge Butts granted Appellant's PCRA petition on April 5, 2001, giving him 30 days in which to file an appeal *nunc pro tunc*. Still represented by Attorney Zeigler, Appellant filed an appeal to this court on May 2, 2001, asserting that his sentence was manifestly excessive and that his trial counsel was ineffective for inducing Appellant to enter an open guilty plea. Finding Appellant's first allegation waived for failure to include it in a post-sentence motion or the court-ordered Rule 1925(b) statement, and his second claim meritless, a panel of this Court affirmed his sentence on July 19, 2002.

¶ 4 Appellant asserts that on August 4, 2002, unaware his sentence had been affirmed, he requested that Attorney Zeigler appeal his case to the next level if it was denied by this Court. PCRA petition filed 10/9/02 at 2. In a letter dated August 20, 2002, however, Attorney Diane Turner, of Zeigler & Turner, LLC, informed Appellant that he no longer had a right to appointed counsel, her firm was discontinuing its representation, and if he wanted to request review with the Pennsylvania Supreme Court, he could hire an attorney of his choice to do so. Letter dated 8/20/02 attached to PCRA petition filed 10/9/02.

¶ 5 Unrepresented, Appellant again petitioned for post-conviction relief on October 9, 2002, arguing that Attorney Zeigler was ineffective for failing to notify him of the denial of his appeal in time for him to file an appeal to the Pennsylvania Supreme Court. PCRA petition at 3. The remedy sought by Appellant's PCRA petition was an extension of time to file a petition for allowance of appeal to the Pennsylvania Supreme Court. *Id.* at 4. On October 22, 2002, Judge Butts denied Appellant's request for an extension of time. Order dated 10/17/02, filed 10/22/02. While the order itself does not specifically indicate an intent to dismiss Appellant's PCRA petition, Judge Butts explains that the docket entry corresponding to the order lists it as "Order dismissing Post–Conviction Relief Act Petition." Pa.R.A.P.1925(a) opinion at 1–2.[2] Judge Butts further acknowledges

---

1. 42 Pa.C.S.A §§ 9541–9546.

2. We note that the docket sheet in this case has apparently been changed. As Judge Butts points out, one copy of the docket Indicates that on October 22, 2002 "Order dismissing Post–Conviction Relief Act petition filed." That copy of the docket ends with an entry on October 30, 2002. A more recent copy of the docket, ending with a June 30, 2003 entry, indicates that on October 22, 2002 "Order re Motion for Extension of Time to File Responsive Pleading filed."

that since the only relief the PCRA petition is seeking is an extension of time, the order effectively denies that petition. *Id.*

¶ 6 On October 30, 2002, nearly two weeks after Judge Butts issued the order effectively denying Appellant's PCRA petition, Attorney Eric Linhardt was appointed by the Honorable Clinton W. Smith to represent Appellant. Attorney Linhardt filed an appeal of the October 22, 2002 order on Appellant's behalf on November 21, 2002.

¶ 7 Appellant has complied with the directive to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b), and in that statement raises three allegations:

1. The court erred in treating Defendant's PCRA Petition as a second or subsequent PCRA petition, and therefore erred in effectively denying Defendant representation of counsel. *Commonwealth v. Marshall*, [570 Pa. 545, 553, 810 A.2d 1211, 1215 (2002) ] (PCRA petitions must be filed one year from the date the judgment becomes final. As for these purposes, a judgment becomes final at the conclusion of direct review. The previous proceedings, despite being labeled as PCRA proceedings, could not have been appellant's first PCRA petition.)

2. The court erred in failing to give Defendant twenty (20) days notice of its intention to dismiss his PCRA petition in accordance with Pa.R.C.P. [sic] 907(1).

3. The court erred in denying Defendant's PCRA petition. Defendant is entitled to court-appointed counsel through the filing of a writ of certiorari to the Pennsylvania Supreme Court. An accused has a constitutional right to counsel on direct appeal. Appointed counsel should seek the highest appellate review. Only when appellate review in a direct line has been exhausted, is an indigent defendant no longer entitled to court-appointed counsel. *Commonwealth v. Robinson*, [452 Pa.Super. 606] 682 A.2d 831 [ (Pa.Super.1996) ]; *Commonwealth ex rel. Firmstone v. Myers*, 202 Pa.Super. 292, 196 A.2d 209 [ (Pa.Super.1963) ].

Rule 1925(b) statement at 1–2.[3]

¶ 8 In response to Appellant's Rule 1925(b) statement, Judge Butts has filed an opinion pursuant to Pa.R.A.P.1925(a). In that opinion, she acknowledges that Appellant was not given the 20 days' notice required by Pa.R.Crim.P. 907(1), and she suggests that Appellant's appeal be granted and his case returned so that an appropriate order can be entered. Rule 1925(a) opinion at 2. With regard to Appellant's remaining issues, Judge Butts opines that they do not entitle him to relief. *Id.* at 2.

¶ 9 We respectfully disagree with Judge Butts' conclusion, in light of the Pennsylvania Supreme Court's ruling in *Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003), a case decided after Judge Butts authored her Rule 1925(a) opinion.

■ ¶ 10 It is well-settled that "[o]ur review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Gadsden*, 832 A.2d 1082, 1085 (Pa.Super.2003), *appeal denied*, —— Pa. ——, 850 A.2d 611 (2004) (*citing Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc*), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super.2003)). Here, Judge Butts erred, by her own admission, in failing to give Appellant 20 days' notice under Pa.

3. Appellant's brief to this Court raises the same three issues.

R.Crim.P. 907(1). Additionally, *Liebel* makes it clear that an allegation that appellate counsel failed to file a petition for *allocatur* with the Pennsylvania Supreme Court following the disposition of direct appeal is cognizable under the PCRA, contrary to Judge Butts' conclusion regarding just such a claim made by Appellant.

¶ 11 We are guided in our application of *Liebel* by *Gadsden, supra,* in which a panel of this Court confronted an allegation that direct appeal counsel failed to file a petition for *allocatur* with the Supreme Court, which Gadsen contended amounted to ineffective assistance of counsel, entitling him to reversal of the PCRA court's order and reinstatement of his right to file a petition for *allocatur nunc pro tunc. Gadsden,* 832 A.2d at 1085. The *Gadsden* court initially noted that:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness; *i.e.,* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Rivera,* 2003 PA Super 29, 816 A.2d 282, 288 (Pa.Super.2003). The PCRA does not impose a more onerous burden on an appellant alleging ineffective assistance of counsel than that required on direct appeal. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999). Generally, an ineffective assistance of counsel claim is cognizable under Section 9543(a)(2)(ii) of the PCRA, which states a petitioner must plead and prove by a preponderance of the evidence "ineffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

*Gadsden,* 832 A.2d at 1085. The *Gadsden* court went on to explain that:

> The Pennsylvania Supreme Court recently addressed the question of whether a claim of ineffectiveness of counsel for failing to perfect a petition for *allocatur* raises a cognizable PCRA claim. *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003). In *Liebel,* appellate counsel promised the petitioner that he would file a petition for *allocatur* on the petitioner's behalf with our Supreme Court. Nevertheless, counsel failed to file the petition. Under these circumstances, the Court concluded that appellate counsel had provided the petitioner with no representation at all on the petition for *allocatur,* violating the petitioner's rule-based right to counsel under Rule 122(C)(3) of the Pennsylvania Rules of Criminal Procedure. n2 *Id.* at 379–381, 825 A.2d at 633. Although the Court acknowledged that a petitioner does not have a right to allowance of appeal, the Court also explained, "provided that appellate counsel believes that the claims that a petitioner would raise in a [petition for allowance of appeal to the Supreme Court] would not be completely frivolous, a petitioner certainly has a right to file such a petition [under Pa.R.A.P. 1112]." *Id.* at 384, 825 A.2d at 635 (emphasis added). In light of the petitioner's rule-based right to file a petition for *allocatur* and his rule-based right to counsel, the Court held that the petitioner had raised a cognizable ineffective assistance of counsel claim under the PCRA, without having to show whether the Pennsylvania Supreme Court would have granted the

petition. *Id.* at 383–385, 825 A.2d at 635–36.

*Gadsden,* 832 A.2d at 1085–1086. Thus, the *Gadsden* court concluded that "Pennsylvania law has now expanded counsel's duties with respect to filing a petition for *allocatur* with the Pennsylvania Supreme Court." *Id.* at 1086.

¶ 12 The *Gadsden* court also recognized as a cognizable PCRA issue, a claim of ineffective assistance of counsel for failure to provide adequate consultation to a client with respect to the filing of a petition for *allocatur* with the Pennsylvania Supreme Court. *Id.* (*citing Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Liebel, supra; Commonwealth v. Touw,* 781 A.2d 1250 (Pa.Super.2001); *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999)).

¶ 13 Based on the above conclusions, the *Gadsden* court decided that:

> Under the circumstances of the present case,[4] we conclude the best disposition of this matter is to remand for an evidentiary hearing to determine whether Appellant's counsel consulted with Appellant regarding counsel's decision not to file a petition for *allocatur,* and whether this consultation met the standards pronounced in *Touw, supra* and *Roe, supra.* The PCRA court must also ascertain whether Appellant asked counsel to file a petition for *allocatur,* and if so, whether counsel's failure to do so was justifiable. *See Liebel, supra.* If the PCRA court determines that counsel failed to consult adequately with Appellant re-

garding counsel's decision not to file a petition for *allocatur* or that Appellant asked his counsel to file the petition and counsel unjustifiably failed to comply, Appellant's right to seek review by the Pennsylvania Supreme Court must be reinstated.

*Gadsden,* 832 A.2d at 1088.

■ ¶ 14 In the present case, like *Gadsden,* we have no evidence to show that Appellant asked Attorney Zeigler to file a petition for review with the Supreme Court, nor do we know what consultation Attorney Zeigler provided to appellant regarding such review. Therefore, we vacate the lower court's order and remand for an evidentiary hearing to determine whether Attorney Zeigler provided Appellant with adequate and timely consultation before the filing deadline regarding Appellant's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. On remand, the lower court must also determine whether Appellant asked counsel to petition for *allocatur* and, if so, whether counsel's failure to file the petition was justified. Accordingly, we vacate the court's order dismissing Appellant's PCRA petition, and remand for an evidentiary hearing consistent with this opinion.

¶ 15 Vacated and Remanded. Jurisdiction relinquished.

---

4. In *Gadsden,* the appellant's judgment of sentence was affirmed on January 2, 2002, and in a letter dated January 24, 2002, counsel informed him: "Your appeal was unsuccessful. Please be advised that I will not seek allowance of appeal with the Supreme Court of Pennsylvania. As such, my representation in your case is concluded." *Gadsden,* 832 A.2d at 1087. There was no evidence of rec-

ord to establish "whether the letter was sent after adequate and timely consultation with Appellant, in abrogation of a promise made to Appellant, or in response to a request for an *allocatur* petition by Appellant," and the PCRA court did not address counsel's reason for declining to seek *allocatur,* or determine if counsel's decision was justifiable. *Id.,* 832 A.2d at 1088.