J-S20045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MASSAI SHAWN DICKEY | : | |
| | : | |
| Appellant | : | No. 687 WDA 2021 |

Appeal from the PCRA Order Entered May 17, 2021
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0001385-2015

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:               **FILED:  September 29, 2022**

Appellant, Massai Shawn Dickey, appeals from the order entered in the Cambria County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this appeal as follows:

> On April 30, 2015, a search warrant was executed by the Safe Street Task Force[, a joint federal, state and local effort,] at 1127 Riffith Street in Stonycreek Township, Pennsylvania.  As a group of eight to ten officers arrived at the residence to execute the warrant, a sizeable group of people were encountered exiting through the front door. [Appellant] was one of [the] people [the officers] encountered at this time.  In one of the upstairs bedrooms of the residence, a Wilson's brown leather jacket was found by Special Agent (Ret.) Arnold Bernard of the Federal Bureau of Investigation.  Inside the pocket of the jacket was

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

a Taurus .38 caliber firearm. Inside a safe located in a closet of the same room, officers recovered an Erma .22 caliber firearm. A bedroom dresser in the same room contained photographs depicting [Appellant], a hotel receipt with [Appellant's] name on it and two traffic citations issued to [Appellant]. [Appellant] was arrested and charged with, *inter alia*, two counts of Persons Not to Possess a Firearm[.] After a two-day jury trial on January 25-26, 2017, [Appellant] was found guilty of one count (the jury convicted him of possessing the Taurus firearm and acquitted him of the Erma firearm). On February 21, 2017, the [c]ourt sentenced [Appellant] to a period of five (5) to ten (10) years in a State Correctional Institution.

*Commonwealth v. Dickey*, No. 678 WDA 2017, unpublished memorandum at 1-2 (Pa.Super. filed Feb. 28, 2018) (quoting Trial Court Opinion, filed 4/21/17, at 1-2).

This Court affirmed the judgment of sentence on February 28, 2018, and Appellant did not seek further review with our Supreme Court. On February 20, 2019, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on April 30, 2019. In it, Appellant argued trial counsel was ineffective for failing to call a police witness. On September 5, 2019, Appellant filed a counseled supplement to the amended petition. Therein, Appellant raised an additional ineffectiveness claim based upon trial counsel's failure to file a petition for allowance of appeal following the denial of relief in this Court.

After several continuances, the PCRA court conducted an evidentiary hearing on January 14, 2021. At that time, the court received testimony from Appellant and trial counsel. On May 17, 2021, the court dismissed Appellant's

PCRA petition. Appellant timely filed a notice of appeal on June 7, 2021. That same day, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on June 14, 2021.

Appellant raises two issues for our review:

> Whether the PCRA court erred/abused its discretion by failing to find trial counsel ineffective for failing to call witness Detective Justin Arcurio on [Appellant's] behalf?

> Whether the PCRA court erred/abused its discretion by failing to find [Appellant's] trial counsel [in]effective for failing to seek an appeal to the Pennsylvania Supreme Court, when [Appellant] had requested that his appeal be fully litigated?

(Appellant's Brief at 4).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). "[W]e review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

> Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.

*Beatty, supra* at 961 (internal citations and quotation marks omitted).

- 3 -

In his first issue, Appellant argues trial counsel "failed to investigate, interview, and/or call Detective Justin Arcurio as a witness at Appellant's trial." (Appellant's Brief at 11). Appellant asserts Detective Arcurio's testimony would have confirmed that another individual was present in the room where police discovered the firearm. Appellant claims this testimony would have cast doubt on the Commonwealth's theory that Appellant constructively possessed the firearm. Appellant also insists that Detective Arcurio's testimony about another individual "would have resulted in a reasonable probability of acquittal." (*Id.*)

Moreover, Appellant maintains that Detective Arcurio existed and was available to testify at trial. Appellant submits that trial counsel knew of Detective Arcurio, that he would have testified on Appellant's behalf, and that the absence of his testimony was prejudicial to Appellant. Based upon the foregoing, Appellant concludes trial counsel was ineffective for failing to call Detective Arcurio as a witness. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no

reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" ***Commonwealth v. Smith***, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting ***Commonwealth v. Geathers***, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting ***Pierce, supra*** at 524, 645 A.2d at 194-95).

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the

> alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

For claims of ineffectiveness based upon counsel's failure to call a witness:

> A defense attorney's failure to call certain witnesses does not constitute *per se* ineffectiveness. In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial.

*Commonwealth v. Cox*, 603 Pa. 223, 267-68, 983 A.2d 666, 693 (2009)

(internal citations omitted). A petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Gibson*, 597 Pa. 402, 441, 951 A.2d 1110, 1134 (2008).

Instantly, trial counsel testified at the PCRA hearing. At that time, PCRA counsel commenced a line of questioning about a report prepared by Detective Arcurio. (*See* N.T. PCRA Hearing, 1/14/21, at 8-10). PCRA counsel emphasized the report's finding "that there were two other individuals on the second floor," near where law enforcement recovered the contraband. (*Id.* at 10). Trial counsel acknowledged that he was aware of Detective Arcurio's report. (*Id.* at 9). Nevertheless, trial counsel opted not to call the detective as a witness and explained:

> In this particular case, the Commonwealth's case was built on … the testimony of police officers and law enforcement. One of my concerns was if I would have called Detective Arcurio, I don't know what he would have said. He could have said something against [Appellant] that could have, you know, not raised reasonable doubt in the eyes of the jury. And this is no disrespect to law enforcement, I just don't want to keep calling in members of law enforcement and not knowing what they're going to say as my witness. He would have been a hostile witness most likely. … I was basing it on just asking the officers who were there at trial what they saw, who was in the house, who was not in the house. I just don't think Detective Arcurio would have added anything to our defense.

(*Id.* at 10-11). Trial counsel added that he questioned the police witnesses about other potential suspects at crime scene, and he "felt there was enough there to attack the Commonwealth's case…." (*Id.* at 12).

The PCRA court deemed this strategy reasonable. The court emphasized that trial counsel's decision could not be viewed in hindsight, and that trial counsel adhered to a reasonable "strategy not to call any additional law enforcement officers as witnesses." (PCRA Court Opinion, filed 5/17/21, at 8). Moreover, the court concluded that the absence of Detective Arcurio's testimony was not "so prejudicial as to have denied [Appellant] a fair trial." (*Id.*) Based upon our review, we agree with the PCRA court's conclusion that trial counsel's chosen course was designed to effectuate Appellant's interests. *See King, supra*; *Kelley, supra*. Thus, the record supports the PCRA court's determination, and its decision is free of legal error. *See Beatty, supra*. Consequently, Appellant is not entitled to relief on his first claim.

In his second issue, Appellant claims he spoke with trial counsel immediately after trial and informed him that "he wanted to appeal[.]" (Appellant's Brief at 14). Appellant "assumed" that this request evinced his desire to appeal to **both** the Pennsylvania Superior and Supreme Courts, if necessary. (*See id.*) Appellant argues that trial counsel subsequently informed him of this Court's affirmance of the judgment of sentence, but counsel did not provide additional information about seeking further review with our Supreme Court. Appellant maintains that he "communicated his desires to pursue an appeal through all avenues," and trial counsel "should have taken special care to preserve and pursue" a petition for allowance of appeal. (*Id.* at 15). Further, Appellant baldly asserts that there was "obvious

merit" to a sufficiency of the evidence claim. (*Id.*) Appellant concludes that trial counsel was ineffective for failing to pursue a petition for allowance of appeal with our Supreme Court. We disagree.

This Court has explained:

> [I]n presenting a PCRA claim of ineffective assistance of counsel for failing to file a requested petition for allowance of appeal, an appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act. [*See Commonwealth v. Liebel*, 573 Pa. 375, 383-384, 825 A.2d 630, 635 (2003)]. In these situations, the Supreme Court has effectively held that the prejudice prong of the test for ineffective assistance has been established *per se*. *See id.*
>
> On the other hand, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa.Super. 1999). Clearly, if a request to file a direct appeal is necessary to sustain an ineffectiveness claim based upon the failure to file a direct appeal, then such a request is also necessary where the alleged ineffectiveness is the failure to file a petition for allowance of appeal. *Cf. Commonwealth v. Cooke*, 852 A.2d 340, 344 (Pa.Super. 2004) and *Commonwealth v. Gadsden*, 832 A.2d 1082, 1088 (Pa.Super. 2003) (directing PCRA court upon remand to determine whether appellant requested that petition for allowance of appeal be filed).

*Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa.Super. 2006), *appeal denied*, 591 Pa. 695, 918 A.2d 741 (2007).

> Where no request has been made, an appellant must establish that a duty to consult was owed. Under *Roe* and *Touw*, an appellant may establish a duty to consult by indicating issues that had any potential merit for further review. *See Roe* [*v. Flores-Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 1036, 145 L.Ed.2d 985 (2000);

> ***Commonwealth v. Touw***, 781 A.2d 1250, 1254
> (Pa.Super. 2001)]. This does not require appellant to
> demonstrate that the Supreme Court would likely grant
> review to a petition for allowance of appeal, but only that
> appellant must show that any issue rises above frivolity.

***Bath, supra*** at 623-24.

Instantly, Appellant testified that trial counsel sent him a letter notifying him about this Court's decision on direct appeal. Appellant claimed that this letter did not contain any information regarding his options for a petition for allowance of appeal, but he thought that trial counsel would "automatically go ahead to the Supreme Court." (N.T. PCRA Hearing at 24). Despite testifying about the existence of this letter, Appellant failed to produce a copy of the letter at the hearing. (***See id.*** at 26).

In response, trial counsel indicated that it is his practice to send a letter to clients informing them about their right to pursue an appeal to our Supreme Court. (***Id.*** at 15). Trial counsel could not specifically recall whether he sent a letter to Appellant in the instant case, but he testified that he "absolutely would have filed" a petition for allowance of appeal if Appellant had made a request. (***Id.*** at 17). Further, trial counsel explained that he does not automatically file a petition for allowance of appeal because he believes it is "more beneficial and advantageous" for his clients to begin the collateral review process. (***Id.*** at 14).

Based upon this testimony, the PCRA court found that Appellant did not ask trial counsel to file a petition for allowance of appeal. (***See*** PCRA Court

Opinion at 13). Here, the PCRA court found trial counsel credible. We grant deference to this finding as it is supported by the record. **See Beatty, supra**. Other than Appellant's own, self-serving testimony, the remainder of the record fails to demonstrate that Appellant requested the filing of a petition for allowance of appeal. To the extent that the law also required Appellant to establish that trial counsel owed a duty to consult, Appellant's bald assertion of "obvious merit" failed to show that the potential sufficiency issue rose above frivolity. **See Bath, supra**. Based upon the foregoing, Appellant is not entitled to relief on his second claim. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2022