J-S26029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LANCE GREEN :
:
Appellant : No. 1842 MDA 2024

Appeal from the PCRA Order Entered November 21, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001639-2020

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED: OCTOBER 20, 2025**

Appellant, Lance Green, appeals from the order entered on November 21, 2024, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] was charged with three counts of possession of a controlled substance by an inmate, two counts each of possession with intent to deliver a controlled substance and possession of a controlled substance, and one count of possession of drug paraphernalia.[1] These charges arose on August 17, 2020, when [Appellant] was arrested pursuant to a bench warrant, and during [Appellant's] intake [search] at the Lackawanna County Prison, corrections officers found marijuana, cocaine, and heroin secreted on [Appellant's] person.
>
> A jury trial was held on June 9, 2021, and the jury found [Appellant] guilty of all charges. On September 14, 2021, the

---

[1] 18 Pa.C.S.A. § 5123(a.2); 35 P.S. §§ 780-113(a)(16), (30), (32).

[trial court] sentenced [Appellant] to an aggregate term of 90 to 180 months [of incarceration], followed by 7 years of probation.

On September 27, 2021, [Appellant] filed a *nunc pro tunc* post-sentence motion and on October 14, 2021, filed a notice of appeal. On January 6, 2023, [this] Court affirmed the judgment of sentence. On March 8, 2023, [Appellant] filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* [with] the Pennsylvania Supreme Court, and on May 25, 2023, the petition was denied.

On July 24, 2023, [Appellant] filed a [*pro se*] PCRA petition[. The PCRA court appointed counsel] to represent [Appellant]. … On December 27, 2023, [appointed PCRA counsel] filed an amended PCRA petition, and on May 1, 2024, the Commonwealth filed an answer. [The PCRA court conducted an evidentiary hearing over the course of two days and ultimately denied relief.]

PCRA Court Opinion, 11/21/2024, at 1-2 (unnecessary capitalization omitted).

On November 21, 2024, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a). This timely, counseled appeal resulted.[2]

On appeal, Appellant presents the following issues[3] for our review:

1. Whether the PCRA court's denial of Appellant's claim that trial counsel provided ineffective assistance [of counsel] and interfered with Appellant's constitutional right to testify in his own defense was supported by the record and free from legal error?

2. Whether the PCRA court's determination that [counsel] was not ineffective for filing untimely post-sentence motions was supported by the record and free of legal error since as a direct result of the untimely filing of post-sentence motions[,] the weight of the evidence claim was deemed waived for purposes

---

[2] Appellant filed a timely notice of appeal on December 19, 2024. On March 12, 2025, the PCRA court filed a statement in *lieu* of another opinion pursuant to Pa.R.A.P. 1925(a), relying upon its earlier decision issued on November 21, 2024 for the reasons it denied relief.

[3] We have reordered Appellant's issues as presented for ease of discussion.

of appeal which precluded appellate counsel from properly developing the issue for appellate consideration?

3. Whether the PCRA court's denial of the claim that appellate counsel provided ineffective assistance [of counsel] in failing to file a timely petition for allowance of appeal to the [Supreme] Court and her failure to adequately consult with Appellant before the allowance of appeal deadline expired was supported by the record and free from legal error when issues which met the standards necessary for allowance of appeal existed which could have and should have been raised?

Appellant's Brief at 3 (unnecessary capitalization omitted).

All of Appellant's issues challenge the effectiveness of trial and direct appeal counsel and, therefore, we employ the following standard and scope of review:

Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

It is well-established that counsel is presumed effective. To plead and prove a claim of ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objectively reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued. Rather, we must examine whether counsel's decision had any reasonable basis. A petitioner establishes prejudice when he or she demonstrates "that there is a reasonable probability that, but for counsel's acts or omissions, the result of the proceeding would have been different.

***Commonwealth v. Yaw***, 305 A.3d 1068, 1077–1078 (Pa. Super. 2023)

(internal citations, quotations, and original brackets omitted).

Moreover, our Supreme Court has held:

A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. ***See***, ***e.g.***, ***Commonwealth v. Jones***, 912 A.2d 268, 293 (Pa. 2006); ***Commonwealth v. Santiago***, 855 A.2d 682, 694 (Pa. 2004) (plurality) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."); ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt."). Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone.

***Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009).

In his first issue presented, Appellant contends that trial counsel was ineffective and interfered with Appellant's right to testify on his own behalf at trial. ***Id.*** at 15-21. On this issue, in summary, Appellant maintains:

At all times leading up to trial and during the trial, trial counsel was fully aware and understood that Appellant demanded to testify at trial. Trial counsel even informed the court that [Appellant] would testify. However, after the Commonwealth rested its case, counsel requested a short break and then rested his case without calling [] Appellant or any other witnesses. Trial counsel maintained this was after consultation with [] Appellant, but [] Appellant testified [at the PCRA hearing] that he wanted to testify and told counsel [the] same, but counsel interfered with his right to testify by informing the court at side bar that he would not be calling him in violation of his constitutional right.

Even if it can be claimed that Appellant waived his right to testify after consultation with trial counsel, the specific advice given by counsel was so unreasonable as to vitiate a knowing and

- 4 -

intelligent decision to testify on his own behalf. [Counsel] maintained that because his cross-examination [of the correctional officers involved in the search at issue] was effective, [Appellant's] testimony was unnecessary even though the cross-examination failed to address a key issue, how the drugs got into the prison if they were not found on Appellant.[4]

*Id.* at 7-8.

This Court has previously determined:

The right of an accused to testify on his own behalf is a fundamental tenet of American jurisprudence and is explicitly guaranteed by Article I, Section 9 of the Pennsylvania Constitution. Significantly, the presumption must always be against the waiver of a constitutional right, and we are bound to place the burden of proving waiver on the Commonwealth. Thus:

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

The appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand.

A trial court is not required to conduct a colloquy to determine whether a defendant has made a knowing, intelligent and voluntary waiver of his right to testify. Nevertheless, a criminal

_____

4 More specifically, Appellant "testified at the PCRA hearing that he discussed testifying with [trial counsel] and said he wanted to testify on his own behalf so he could let the jury know his defense which was that he was being set up [by the police] because [a] body scan photo was altered." PCRA Court Opinion, 11/21/2024, at 7, *citing* N.T., 8/21/2024, at 23-25.

- 5 -

defendant must understand his decision not to testify if not by colloquy, then by the presumed competent advice of counsel.

***Commonwealth v. Washington***, 269 A.3d 1255, 1263–1264 (Pa. Super. 2022) (*en banc*) (internal citations, quotations, footnote, and original brackets omitted).

On this issue, the PCRA court first noted that both Appellant and trial counsel testified at a PCRA evidentiary hearing. PCRA Court Opinion, 11/21/2024, at 6-7. The PCRA court ultimately determined:

The Commonwealth replies that [Appellant] was made aware of his right to testify, but made the decision not to testify. The Commonwealth also assert[ed] that even if [Appellant] had testified, it would not have changed the outcome, since at trial the Commonwealth introduced a body scan that showed the drugs stored within his person.

[Defense counsel] testified at the PCRA hearing that the trial strategy was to point out the inconsistencies in the corrections officers' testimony and to rely on reasonable doubt. He testified that he spoke with [Appellant] about the possibility of testifying in his own defense quite a few times, and that he informed [Appellant] that it was ultimately his decision to make. He testified that [Appellant] made the final decision about whether or not to testify, and that after the Commonwealth rested and the court adjourned, [counsel] spoke with [Appellant] who said he was satisfied with the cross-examination of the corrections officers and the inaccuracies and inconsistencies that were shown. [Defense counsel] testified that he told [Appellant] that it was his right to take the stand, but he thought that they had a good case for reasonable doubt. He testified that [Appellant] chose not to testify. [Counsel] testified that when he visited [Appellant], [Appellant] was very, very adamant that he wanted to testify, but after the Commonwealth rested, and he and [Appellant] reviewed the cross-examination of the corrections officers, [Appellant] asked if he needed to testify or not. [Defense counsel] testified that he told [Appellant] it was his choice, and that he didn't have to, but just as [Appellant] was so adamant about testifying when he was at the jail before trial, when it came time to testify,

- 6 -

[Appellant] absolutely had cold feet. [Defense counsel] testified that he never told [Appellant] that he can't testify, or that he must not, and that he never said that, and it never happened.

[Appellant] testified at the PCRA hearing that he discussed testifying with [defense counsel] and that he said he wanted to testify on his own behalf so he could let the jury know his defense which was that he was being set up [by the police] because the body scan photo was altered. [Appellant] testified that he told [defense counsel] at the conclusion of day one of the trial that he still wanted to testify, but disagree[d] with [defense counsel's] testimony that after day two, he no longer wanted to testify. [Appellant] testified that he told [defense counsel] that he still wanted to reiterate the things that he brought about during the trial to refresh the jury's memory in his defense.

\*                    \*                    \*

The credible testimony of [defense counsel] at the PCRA hearing was that he and [Appellant] discussed whether [Appellant] should testify numerous times, but that [Appellant] ultimately decided not to testify. He agreed with [Appellant] that [Appellant] had initially been adamant about testifying, but he testified that this changed during the second day of trial. [Defense counsel] testified credibly that after the Commonwealth rested, he and [Appellant] again discussed whether [Appellant] should testify, and [Appellant] had cold feet and made the decision not to testify. [Defense counsel] testified credibly that he told [Appellant] that he thought the cross-examination of the corrections officers established inconsistencies and reasonable doubt, and that it was not necessary for [Appellant] to testify, but that it was his decision to make. He testified credibly that he never told [Appellant] that he could not testify. Thus, [the PCRA] court [found] that [defense counsel] did not interfere with [Appellant's] right to testify and was not ineffective.

*Id.* at 6-8 (record citations omitted).

The PCRA court ultimately determined that there was no merit to Appellant's ineffective assistance of counsel claim pertaining to his right to testify. Upon review, we agree. Initially, we note that the PCRA court concluded that defense counsel testified credibly and we will not usurp that

determination.   Defense counsel testified that after all of the Commonwealth's evidence was entered into the record, Appellant and counsel reviewed the testimony presented at trial, and Appellant ultimately made the decision not to testify because counsel established reasonable doubt through cross-examination of the corrections officers.   In view of the testimony credited by the PCRA court (which finds support in the certified record), Appellant failed to demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.   Moreover, based on the record before us, counsel had a reasonable basis for the advice given and for his actions.   Finally, as required, the PCRA court did not consider whether the outcome of the trial itself would have been more favorable had Appellant taken the stand.   For all of the foregoing reasons, we conclude that the PCRA court did not err in denying Appellant relief on his first ineffective assistance of counsel claim.

Next, Appellant argues that trial counsel was ineffective for failing to file a timely post-sentence motion in order to preserve his weight of the evidence claim on direct appeal.  Appellant's Brief at 31-39.  Appellant asserts that "the [subsequent] notice of appeal was filed timely and appella[te] counsel raised the weight of the evidence claim based [upon] the inconsistent and contradictory testimony" of the corrections officers as presented at trial.  **Id.** at 33.  However, because Appellant's post-sentence motion was untimely filed, this Court determined on direct appeal that Appellant did not preserve his

weight of the evidence claim. *Id.* at 34, *citing **Commonwealth v. Green**,* 292 A.3d 1076, at *5 (Pa. Super. 2023) (non-precedential decision). Appellant also notes this Court's observation on direct appeal that the weight of the evidence claim was "poorly developed" because Appellant "provide[d] little argument and offer[ed] only one example of inconsistencies in witness testimony." Appellant's Brief at 34, *citing **Green**,* 292 A.3d 1076, at n.6. As such, Appellant claims that counsel was ineffective for failing to file a timely post-sentence motion, poorly developing a weight of the evidence claim, and ultimately waiving this claim. Appellant claims that his weight of the evidence claim has merit because the witnesses' testimony was so contradictory on ultimate issues as to make the verdict the result of mere conjecture. Appellant's Brief at 34-35. Appellant points out alleged inconsistencies in his appellate brief. *Id.* at 35-36 (Officer Jordan Tratthen was unsure if suspected narcotics were found on Appellant during the strip search or on a subsequent body scan, was unsure if marijuana and crack cocaine were found under Appellant's genitals or inside Appellant's buttocks, he could not recall if he conducted the scan, but also testified that he marked the body scan for suspected narcotics; whereas, Officer Robert Mexiner testified that crack cocaine was "hanging out of Appellant's rectum."). As such, in sum, Appellant posits:

> The testimony of each of the correctional officers was contradictory on the essential issue in this case. There were not merely 'some inconsistencies,' but numerous inconsistencies regarding the suspected drugs, how [they were] found, and who was present. There [were] even inconsistencies as to who

performed the body scan, what it showed and where the drugs were allegedly located on his person.  A conviction based upon so many inconsistencies is exactly what this Court warned about[.]

*Id.* at 37-38.  Appellant argues that trial counsel was ineffective for failing to file a post-sentence motion to preserve his weight of the evidence claim, and if he is not entitled to a new trial, he should be permitted to file a *nunc pro tunc* post-sentence motion.  *Id.* at 38.

We adhere to the following standards.  Initially, we recognize that our Supreme Court has held that failure to perfect a requested direct appeal is the functional equivalent of having no representation at all[,] prejudice is presumed, and, in such instances, counsel is deemed ineffective *per se*. *Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005).  However, our Supreme Court has made clear that there is a difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit; only the former justifies application of the presumption of prejudice in the more extreme instance.  *See id.*, *citing* *Commonwealth Hernandez*, 755 A.2d 1, at 9 n.4 ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal."); *see also Commonwealth v. Grosella*, 902 A.2d 1290, 1293–1294 (Pa. Super. 2006) ("Where a petitioner was not entirely denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's

direct appeal rights is not a proper remedy."). "In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective." *Id.* at 294. "[A]n attorney's failure to file a post-sentence motion preserving a particular sentencing claim 'd[oes] not operate to entirely foreclose appellate review," but merely "waive[s] ... those claims subject to issue preservation requirements which were not otherwise properly preserved." *Commonwealth v. Rosado*, 150 A.3d 425, 432 (Pa. 2016) (citation omitted). A weight of the evidence claim must be preserved in a timely post-sentence motion before the trial court. *See* Pa.R.Crim.P. 607. Accordingly, in order to obtain relief on his counsel ineffectiveness claim under the PCRA, Appellant must demonstrate that the verdict was against the weight of the evidence and that he was prejudiced by counsel's failure to file a post-sentence motion. *See Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) ("Counsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice.").

Our standard of review for a challenge to the weight of the evidence is well-settled:

> A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question [of] whether the verdict is against the weight of the evidence. The fact–finder is free to believe all, part, or none of the

- 11 -

evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Cousar***, 928 A.2d 1025, 1035-1036 (Pa. 2007).

Moreover, when a weight challenge "is predicated on the credibility of trial testimony, [appellate] review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012). Any conflicts in the evidence or contradictions in testimony are exclusively for the fact-finder to resolve. ***Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa. Super. 2012). Finally, we note that, "[b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination [whether] the verdict is against the weight of the evidence." ***Id.***

***Commonwealth v. Wallace***, 244 A.3d 1261, 1275–1276 (Pa. Super. 2021) (brackets in original), *affirmed*, 289 A.3d 894 (Pa. 2023). Regarding weight claims, "[a]n appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court." ***Commonwealth v. Burns***, 765 A.2d 1144, 1149 (Pa. Super. 2000) (citation omitted).

Here, the PCRA court found no merit to Appellant's weight of the evidence claim, opining:

> This court presided over the jury trial in this case and observed the testimony at trial, and finds that the verdict was not so contrary to the evidence as to shock one's sense of justice. [Defense counsel] raised the inconsistencies in the correction officers' testimony at trial, and the jury was aware of these issues, but still decided to convict [Appellant]. Because determinations of credibility are within the exclusive province of the jury, and mere inconstancies in witness testimony are not sufficient to upset a jury's verdict, the verdict here was not against the weight of the evidence. Moreover, because counsel cannot be ineffective for failing to raise a meritless claim, trial counsel was not ineffective in failing to preserve the weight of the evidence issue for appeal.

PCRA Court Opinion, 11/21/2024, at 5.

Based upon our review of the record and applicable law, we agree with the PCRA court's assessment. The weight of the evidence was exclusively for the jury to consider. The jury was free to believe all, part, or none of the evidence presented and was tasked with assessing the witnesses' credibility. The trial court did not believe that the verdict was based upon pure conjecture or so contrary to the evidence as to shock its sense of justice. We give the gravest consideration to the findings and reasons advanced by the court and may not substitute our judgment for the trial court. There is simply nothing in the record to suggest that the trial court's ruling on the weight of the evidence claim was a palpable abuse of discretion or that Appellant suffered prejudice due to some error or omission by counsel. Accordingly, Appellant's claim that trial counsel was ineffective for failing to preserve a weight of the evidence claim fails.

Finally, Appellant contends that appellate counsel was ineffective for failing to file a timely petition for allowance with the Pennsylvania Supreme

Court following this Court's decision on direct appeal. Appellant's Brief at 21-31. Appellant claims that he wrote to appellate counsel and requested she file a petition for allowance of appeal but also acknowledged that he did so after the period to appeal expired. *Id.* Appellant argues that appellate counsel "reasonably should have known that Appellant would want the petition for allowance of appeal to be filed and/or she had a duty to consult with [] Appellant about filing the petition because of the potential merit of [a previously litigated motion to suppress evidence] regarding the invalidity of the warrant" issued for Appellant's arrest which ultimately led to the discovery of the narcotics at issue. More specifically, Appellant argues that "at the time the bench warrant was issued for [an alleged violation of probation for his prior conviction for possession with intent to deliver a controlled substance (PWID)], his probation term for [] PWID had already expired on July 2018[, t]here was no other bench warrant issue[, and, t]herefore, the arrest warrant that brought Appellant to the Lackawanna County Prison was and should have been deemed invalid." *Id.* at 28. Appellant argues that his direct appeal with this Court "directly challenged the court's failure to suppress the evidence since his arrest and seizure were made on an invalid arrest."[5] *Id.* As such,

---

[5] More specifically, on direct appeal, a panel of this Court determined:

> Green assert[ed] the trial court erred by denying his motion to suppress the physical evidence recovered upon his arrival at the Lackawanna County Prison. Green argue[d], as he did in [his probation] revocation cases, that the Commonwealth's delay in

*(Footnote Continued Next Page)*

Appellant contends that appellate counsel had a duty to consult with him about filing a petition for allowance of appeal because he had an issue with potential merit.

This Court has previously determined that

the unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and that an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. ***See***

proceeding on the revocation cases violated his right to a speedy revocation hearing. According to Green, the evidence should [have] be[en] suppressed as fruit of the poisonous tree because it was discovered only as the result of the bench warrant filed approximately 4 years after the alleged probation violation.

* * *

We first recognize[d] that there was a lengthy delay between Green's violation for failure to report and the issuance of a proper bench warrant.

However, Green [did] not challenge the validity of the 2020 bench warrant beyond the timeliness of its filing. Green ma[de] no allegation that the bench warrant was unsupported by probable cause or that execution of the bench warrant was the result of misconduct. Moreover, Green offer[ed] no support for his suggestion that the trial court's failure to conduct a speedy revocation hearing, by itself, [was] sufficient to invalidate the underlying bench warrant. Nor [did] our own search reveal any authority upon which we may find the delay in holding the revocation hearing renders the underlying bench warrant invalid. Indeed, we observe[d] that under our precedent and criminal rules, a court cannot determine whether it has lost the power to revoke probation or parole until it has held a hearing on the reasonableness of the delay. As such, an unreasonable delay does not affect the validity of the arrest warrant; rather, it impacts the power of the court to revoke probation or parole. Therefore, Green [was] not entitled to relief on this claim.

***Green***, 292 A.3d 1076, at *2-3.

- 15 -

*Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). In *Liebel*, our Supreme Court looked to the principles of *Lantzy* and the failure to file a direct appeal, and applied them to the situation of the failure to file a petition for allowance of appeal. *See* [*Commonwealth v*.] *Liebel*, 825 A.2d [630,] at 634-636 [(Pa. 2003)]. The Supreme Court held that in presenting a PCRA claim of ineffective assistance of counsel for failing to file a requested petition for allowance of appeal, an appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act. *See id.* at 635. In these situations, the Supreme Court has effectively held that the prejudice prong of the test for ineffective assistance has been established *per se*. *See id.*

On the other hand, "before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. 1999). Clearly, if a request to file a direct appeal is necessary to sustain an ineffectiveness claim based upon the failure to file a direct appeal, then such a request is also necessary where the alleged ineffectiveness is the failure to file a petition for allowance of appeal. *Cf. Commonwealth v. Cooke*, 852 A.2d 340, 344 (Pa. Super. 2004) and *Commonwealth v. Gadsden*, 832 A.2d 1082, 1088 (Pa. Super. 2003) (directing PCRA court upon remand to determine whether appellant requested that petition for allowance of appeal be filed).

*Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006). Moreover, "counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either '(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Id.* at 623 (citations omitted).

Here, there is no dispute that Appellant received timely correspondence from appellate counsel regarding his appellate rights and that Appellant

responded and requested an appeal after the time for filing a petition for allowance of appeal had expired. As such, Appellant did not show that the appeal was requested timely and that counsel merely failed to act. Hence, Appellant has not shown *per se* ineffective assistance of counsel. Moreover, Appellant did not reasonably demonstrate to counsel that he was interested in appealing during the relevant period to do so. While counsel on direct appeal argued the suppression issue on appeal, this Court found the bench warrant at issue was valid and rejected Appellant's claim that the evidence recovered required suppression. Currently, Appellant does not challenge this Court's decision on direct appeal or otherwise suggest how our prior decision was erroneous. Instantly, Appellant still does not challenge the validity of the 2020 bench warrant beyond the timeliness of its filing. In addition, appellate counsel testified at the PCRA hearing that she explained in her letter to Appellant "that she did not think there were grounds that would warrant the Pennsylvania Supreme Cout accepting the appeal and vacating his sentence." PCRA Court Opinion, 11/21/2024, at 9, *citing* N.T., 8/21/2024, at 6. Appellant does not dispute this assessment. Accordingly, there was simply no evidence that a rational defendant would want to appeal or that there were non-frivolous grounds supporting a petition for allowance of appeal. As such, Appellant's final issue pertaining to ineffective assistance of counsel does not entitle him to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2025