J-S44004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v. :
:
:
HEMANT KOHLI :
:
Appellant : No. 1884 EDA 2025

Appeal from the PCRA Order Entered June 20, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002973-2023

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED APRIL 1, 2026**

Hemant Kohli appeals from the order, entered in the Court of Common Pleas of Chester County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9542.  After careful review, we vacate and remand to the PCRA court for further proceedings consistent with this decision.

On April 26, 2024, Kohli entered an open guilty plea to driving under the influence[1] (DUI).  **See** N.T. Plea Hearing, 4/26/24, at 2–5.  He was represented at the time by Steven E. Kellis, Esquire (sentencing counsel). The trial court, at Kohli's request, deferred sentencing for the preparation of a

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).  Kohli had a prior record score of three based on previous convictions for simple assault (2000) and DUI (2004, 2005, and 2013), and an offense gravity score of five.  **See** N.T. Plea Hearing, 4/26/24, at 2.

presentence investigation report. *Id.* at 5. Kohli told the trial court about his current treatment, which included an intensive outpatient program. *Id.* at 6. The trial court told sentencing counsel that Kohli would likely qualify for Recovery Court, which it ran. *Id.* at 7–8. If so, the trial court indicated that Kohli would serve a flat sentence of forty-five days instead of ninety days. *Id.* at 8.

At the sentencing hearing on September 4, 2024, Kohli appeared before the trial court and indicated he had relapsed with alcohol two days before the hearing. *See* N.T. Sentencing Hearing, 9/4/24, at 2. Kohli told the trial court that he attends treatment at MVP Recovery and sees a Certified Recovery Specialist (CRS) counselor, whom he had already contacted about his relapse. *Id.* at 3. The CRS counselor testified that Kohli consistently attended and engaged with the program, and Kohli's counsel[2] described the various forms of inpatient and outpatient treatment in which Kohli participated in the months just before and since he entered his guilty plea. *Id.* at 9–12.

The Commonwealth recommended a standard-range sentence of six to twenty-three months' incarceration, followed by three years and one month's probation, as well as other terms and conditions. *Id.* at 5, 6. The trial court, however, sentenced Kohli to one to five years' state incarceration, and to participate in a state recovery program. *Id.* at 23. According to the trial court, this sentence best suited Kohli's needs, because it would allow him to

---

[2] At this hearing, a second attorney, Patrick Doherty, Esquire, appeared on Kohli's behalf, along with sentencing counsel.

have inpatient treatment in prison, then step down to a halfway house, then to a recovery house, and, finally, to outpatient treatment.[3] *Id.* at 20–22.

The trial court advised Kohli of his post-sentence rights on the record, including the right to file post-sentence motions and/or an appeal. *Id.* at 25–26. Sentencing counsel did not file a post-sentence motion challenging the discretionary aspects of sentencing. However, on October 2, 2024, sentencing counsel filed a timely notice of appeal in this Court. The following day, the trial court issued an order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days, i.e., on or before October 24, 2024. Sentencing counsel filed a motion for an extension to file the Rule 1925(b) statement on October 21, 2024, explaining that (1) he did not yet have the notes of testimony, and (2) Kohli's family told him they would be hiring another lawyer to handle the appeal and would need more time to do so. *See* Motion for Extension of Time, 10/21/24.

The same day, October 21, 2024, sentencing counsel filed a motion to withdraw, alleging, *inter alia*, that (1) Kohli's family members contacted him on September 28, 2024 to file an appeal from the sentencing order; (2) sentencing counsel filed a notice of appeal on October 2, 2024, with his own funds; (3) his retainer agreement did not include representation on appeal, and he "specifically was not retained to represent [Kohli] for any [p]ost[-t]rial

---

[3] The sentencing court acknowledged it would mean four months without treatment and removing him from his current treatment team. *Id.* at 14, 21–22.

matters;" (4) he does not specialize in appeals or have the financial means to handle them; (5) Kohli was currently serving his sentence and had not contacted sentencing counsel to request an appeal, but, rather, sentencing counsel was contacted by a family member; and (6) the family member told him they were going to retain another lawyer who specializes in appeals. Motion to Withdraw, 10/21/24, at ¶¶ 4–13 (emphasis in original)

The following day, October 22, 2024, the trial court granted Kohli's motion for extension of time to file his Rule 1925(b) statement. Current counsel, Todd Mosser, Esquire (PCRA counsel), filed an entry of appearance the same day. The trial court granted sentencing counsel's motion to withdraw on November 6, 2024. On December 9, 2024, PCRA counsel requested a seven-day extension to file Kohli's Rule 1925(b) statement because he had not yet received the transcript, which the trial court granted on December 11, 2024, extending the time to file to December 16, 2024. No Rule 1925(b) statement was ever filed.

While his direct appeal was still pending, Kohli filed a PCRA petition on January 9, 2025 (January PCRA Petition). The trial court issued an order quashing the January PCRA Petition on January 21, 2025, finding it premature because the direct appeal was pending. *See* Order, 1/21/25. On January 24, 2025, Kohli, through PCRA counsel, filed an application to discontinue the direct appeal, which this Court accepted on February 14, 2025.

Kohli filed the instant PCRA petition (PCRA Petition) on February 18, 2025. On February 24, 2025, the Commonwealth filed an answer, to which

Kohli responded on March 15, 2025. The PCRA court dismissed the PCRA Petition without a hearing on June 20, 2025, and Kohli filed a timely notice of appeal. The PCRA court did not order Kohli to file a Rule 1925(b) statement and filed its Rule 1925(a) opinion on September 2, 2025. In his brief, Kohli raises the following issue:

> Did the PCRA [c]ourt err when it dismissed [Kohli]'s claim that trial counsel was *per se* ineffective for failing to properly preserve a challenge to his sentence by failing to file a post[-]sentence motion?

Appellant's Brief, at 2.

Kohli argues that sentencing counsel provided ineffective assistance by failing to file post-sentence motions, which was the only way to preserve a challenge to the discretionary aspects of Kohli's sentence. *See* Appellant's Brief, at 7–8. Where an action of counsel completely forecloses all appellate issues, Kohli asserts, rather than simply narrowing potential issues on appeal, prejudice may be presumed. *Id.* at 6. Kohli contends that in this instance, failure to file post-sentence motions completely foreclosed his opportunity for appellate review on the only issue he could have raised—the discretionary aspects of his sentence. *Id.* at 7–8. The Commonwealth objects, arguing that this case does not fall within the limited scope of presumed, or *per se*, prejudice, and therefore Kohli needed to prove the elements generally required under ***Strickland v. Washington***, 466 U.S. 668 (1984). ***See*** Appellee's Brief, at 6.

In general,

an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007), quoting *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005). There is no absolute right to an evidentiary hearing, but if, as in this case, there is not one, we examine the issues raised "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

A PCRA petitioner is eligible for relief if, inter alia, "the conviction or sentence resulted from. . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). In general, to establish ineffective assistance of counsel, a petitioner must prove: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice because of counsel's error. *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023); *see Strickland*, *supra*; *Commonwealth v. Pierce*, 527 A.2d 973, 976–77 (Pa. 1987) (adopting *Strickland* in Pennsylvania). In "a narrow category of circumstances," however, where there is "[a]ctual or constructive denial of the assistance of counsel . . . prejudice is legally presumed."

- 6 -

***Commonwealth v. Lane***, 81 A.3d 974, 978 (Pa. Super. 2013), citing

***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999); ***see United***

***States v. Cronic***, 466 U.S. 648, 653–57 & n.11, 659, 661–62 (1984)

(prejudice may be presumed in cases where counsel's deficiencies amount to

a complete denial of counsel).

Our courts have presumed prejudice where counsel's acts or omissions

in post-trial proceedings constitute actual or constructive denial of counsel.

***Commonwealth v. Cousin***, 888 A.2d 710, 718 & n.12 (Pa. 2005).  Pertinent

to this case,

> where there is an unjustified failure to file a requested direct
> appeal, the conduct of counsel falls beneath the range of
> competence demanded of attorneys in criminal cases, denies the
> accused the assistance of counsel guaranteed by the Sixth
> Amendment to the United States Constitution and Article I,
> Section 9 of the Pennsylvania Constitution, as well as the right to
> direct appeal under Article V, Section 9, and constitutes prejudice
> for purposes of [s]ection 9543(a)(2)(ii).  Therefore, in such
> circumstances, and where the remaining requirements of the
> PCRA are satisfied, the petitioner is not required to establish his
> innocence or demonstrate the merits of the issue or issues which
> would have been raised on appeal.

***Lantzy***, 736 A.2d at 572 (footnote and citations omitted).

Our Supreme Court has distinguished between "errors causing waiver of

*all* claims and those failing to preserve particular claims," which "prevent[s]

the exceptional doctrine of ineffective assistance of counsel *per se* from

engulfing the general rule that an accused must demonstrate that counsel's

errors caused him prejudice."  ***Commonwealth v. Rosado***, 150 A.3d 425,

433–35 (Pa. 2016) (emphasis in original); ***see Halley***, 870 A.2d at 801 ("The

- 7 -

difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance."), citing **Commonwealth v. Hernandez**, 755 A.2d 1, 9 n.4 (Pa. Super. 2000). The cases interpreting this general rule have permitted a finding of *per se* ineffectiveness in limited, but varying, situations. **See Lantzy**, 736 A.2d at 572 (*per se* ineffective to withdraw direct appeal requested by client); **Commonwealth v. Halley**, 870 A.2d 795, 799–800 (Pa. 2005) (*per se* ineffective to fail to file Rule 1925(b) statement, thereby waiving all claims for relief); **Commonwealth v. Liebel**, 825 A.2d 630, 635–36 (Pa. 2003) (prejudice presumed where counsel fails to file petition for allowance of appeal when requested by client); **Commonwealth v. Bennett**, 930 A.2d 1264, 1273–74 (Pa. 2007) (*per se* prejudice where counsel fails to file appellate brief for requested appeal); **Rosado, supra,** 150 A.3d at 440 (prejudice presumed where counsel files appellate brief that abandons all preserved issues and instead argues unpreserved issues).

Instantly, counsels' collective actions foreclosed all possible avenues for Kohli to directly appeal his sentence, which he alleges he wanted to do. **See, e.g., Commonwealth v. Tuck**, 2022 WL 4126858, at *2–*3 (Pa. Super. filed Sept. 12, 2022) (unpublished memorandum decision)[4] (reversing and

---

[4] **See** Pa.R.A.P. 126(b)(1)-(2) (unpublished non-precedential decisions of this Court filed after May 1, 2019 may be cited for their persuasive value).

remanding for reinstatement of right to file post-sentence motions *nunc pro tunc*, finding counsel *per se* ineffective for failing to file a post-sentence motion challenging the discretionary aspect of defendant's sentence, where defendant, who was convicted of multiple charges, filed a direct appeal challenging that issue). Sentencing counsel's failure to file post-sentence motions foreclosed him from mounting a challenge to the discretionary aspects of his sentence, which PCRA counsel contends was his only non-frivolous potential avenue for appeal. *See* PCRA Petition, 2/18/25, at ¶¶ 29–30.

While failure to file post-sentence motions does not generally "fall within the limited situations in which a defendant claiming ineffective assistance of counsel is exempt from proving prejudice to obtain relief," in this case, where Kohli alleges that a challenge to the discretionary aspects of his sentence was the only appellate claim he reasonably could have raised, it amounted to a complete foreclosure of Kohli's right to the direct appeal he requested. ***Commonwealth v. Liston***, 977 A.2d 1089, 1992–93 (Pa. 2009); ***see also id.*** at 1094 n.9 (noting that post-sentence motions are required to preserve claims for weight of evidence and discretionary aspects of sentencing, unlike other claims); ***Reaves***, ***supra***. However, **even if** this were insufficient to justify presumption of prejudice, both counsels' subsequent failure to file a

Rule 1925(b) statement on Kohli's direct appeal,[5] and the eventual withdrawal of that appeal, definitively waived all possible claims Kohli could have raised, and falls squarely within the narrow exceptions that our Supreme Court has already found constitute *per se* ineffectiveness. ***See Lantzy, supra*** (withdrawal of requested direct appeal); ***Halley, supra*** (failure to file Rule 1925(b) statement).

This does not, however, end our inquiry. Because the PCRA court did not hold an evidentiary hearing, the record is contested regarding what, if anything, Kohli asked sentencing counsel to file post-sentencing motions or an appeal, when he made that request, or how sentencing counsel responded. Nor, for that matter, do we have a Rule 1925(b) statement from the direct appeal **or** the instant collateral appeal[6] to clarify the issues. As such, we cannot properly evaluate whether Kohli's claim of ineffective assistance of counsel merits relief. For this reason, we remand the case to the PCRA court for an evidentiary hearing to determine when and whether Kohli requested a post-sentence motion and/or appeal, and if so, whether he specifically requested an appeal of his sentence and what (if any) consultation sentencing counsel provided before or after that request was made. ***See Commonwealth v. Cooke***, 852 A.2d 340, 344 (Pa. Super. 2004) (vacating

_____

[5] The final extension requested extended the time for filing to December 16, 2024. Though the appeal was not withdrawn until January 24, 2025, no Rule 1925(b) statement was ever filed.

[6] As noted above, the PCRA court did not direct Kohli to file a Rule 1925(b) statement.

- 10 -

and remanding for evidentiary hearing to determine whether defendant requested appeal or what consultation attorney provided regarding appellate review); ***Commonwealth v. Gadsden***, 832 A.2d 1082, 1088 (Pa. Super. 2003) (vacating and remanding for PCRA court to hear evidence on whether defendant requested counsel file petition for allowance of appeal); ***Commonwealth v. Daniels***, 737 A.2d 303, 305 (Pa. Super. 1999) (remanding for sole purpose of determining whether defendant requested an appeal, relying on ***Lantzy***, ***supra***); ***see also Commonwealth v. Grant***, 813 A.2d 726, 734 (Pa. 2002) (petitioners should generally defer ineffectiveness claims to collateral review to allow PCRA courts to develop factual record on claims, because ineffectiveness claims often require examination of outside-the-record evidence).

Order vacated. Case remanded for evidentiary hearing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2026